MARY EVANS, guardian, *v.* K. M. C. WILLIAMSON and another.

*Practice—Contract—Seal—Pleading—Parol Evidence.*

1. The title to real estate can not be drawn into controversy by the defendant on a trial in a Justice's Court except by delivering to the Justice an answer in writing showing that such title will come in question.

2. The reference in the constitution (Art. IV § 27) and Battle's Revisal (ch. 63 §§ 16, 18) to controversies respecting the title to realty is, probably, meant to be applied only to those cases where the defendant sets up title in himself, and not where he alleges title in a stranger for some collateral purpose ; *Therefore*, where the defendant, sued upon a promissory note, undertook to show, by way of establishing a failure of consideration, that it was given for timber growing

upon land the title to which was in a third party. *Semble*, that the title to land was not in dispute within the purview of the constitutional and statutory provisions.

3. In an action on a note, with or without seal, a recovery cannot be defeated nor the sum due be lessened by showing a partial failure of consideration.

4. Where a party not himself bound by a contract, because of non-compliance with certain statutory requirements, seeks by action to enforce it against another who is bound, or does not rely on the statute, the latter can not defend himself by setting up the voidability of the other party's contract against his own legal obligation ; *Hence*, where a guardian sold timber on the land of his ward without an order of Court as required in Bat. Rev. ch. 53 § 33, and took a note for the purchase money, the maker of such note can not when sued on the same by the guardian and ward, (the latter thereby ratifying the contract,) set up the failure of the guardian to observe the statutory mandate.

5. Where the seal to a bond is defaced by the obligee, the bond is made void ; if the defacement be by a stranger, it has no such effect.

6. In an action before a Justice of the Peace on a promissory note, an exhibition of the same accompanied with a statement that a specified sum is due thereon, which the plaintiff seeks to recover, is a sufficient complaint.

7. On an appeal to the Superior Court from a Justice's judgment, parol evidence is admissible to explain the intent and meaning of an entry on the Justice's docket.

(*Green* v. *N. C. R. R. Co.*, 77 N. C. 95.; *Washburn* v. *Picot*, 3 Dev. 390, cited and approved.)

CIVIL ACTION tried at January Special Term, 1878, of CUMBERLAND Superior Court, before *Buxton, J.*

This action was commenced before a Justice of the Peace on a note for two hundred and fifty dollars, due January 1st, 1874, on which the plaintiff had made an endorsement remitting seventy-five dollars of the principal money.   The residue, one hundred and seventy-five dollars, was the sum demanded in the summons.   The note itself was exhibited as the plaintiff's complaint, and the defendant among other defences to the recovery set up that of fraud, and specially

that the note was given for timber growing on land the title to which was in dispute.

On the trial in the Superior Court to which the cause was removed on appeal, there were no specific issues made up and submitted to the jury, and a general verdict was rendered for the plaintiff. Judgment. Appeal by defendant.

*Messrs. Guthrie & Carr,* for plaintiff.
*Mr. N. W. Ray,* for defendant.

SMITH, C. J. (After stating the case as above.) Several exceptions were taken by the defendant during the progress of the trial which we propose to consider and decide in the order in which they are presented in the record :—

1. The title to land was in controversy and the Justice had no jurisdiction : It does not appear that this objection was made " in writing by the defendant and delivered to the Justice " as in express terms is prescribed by Bat. Rev. ch. 63, § 16. The requirement of the act is not satisfied by the brief memorandum taken down by the Justice and transmitted with the appeal, and would not be sufficient, if the plaintiff should afterwards sue in the Superior Court, to estop the defendant from denying " the jurisdiction of that Court by an answer contradicting the answer in the Justice's Court," § 18. The defence therefore does not conform to the substantial directions of the act, and is unavailing to defeat the jurisdiction.

But if the prescribed form had been pursued the objection would be untenable. In an action on a note with or without seal a recovery can not be defeated nor the sum due be lessened by showing a partial failure of consideration. *Washburn* v. *Picot,* 3 Dev. 390. And consequently the title to any part of the timber for which the note was given can not come into controversy, unless the entire consideration

is involved. It is by means of a counter claim or cross action only that the defendant can obtain compensation in damages for the timber which he fails to get by reason of a superior right thereto in another, and thus diminish the amount of the plaintiff's recovery. This counter claim he may not choose to set up, and therefore the plaintiff's prosecution of his claim does not bring into controversy the title to real estate within the meaning of Art. IV, § 27, of the constitution, or of the act passed to give effect to this constitutional provision. Bat. Rev. ch. 63, §§ 14—18.

It may be further suggested that the controversy which may arise as to the title to the timber is not directly between the parties to the action, but comes up collaterally and incidentally. The defendant has no dispute of his own with the plaintiff, growing out of his purchase, but he asserts title superior to his own, acquired under his contract with the plaintiff, in a stranger, as a means of lessening his own liability, and thus seeks to introduce a controversy as to title, not between the plaintiff and himself, but between the former and a stranger, and thus substitute an issue as to the title to the land in an action to enforce a contract obligation. This is inadmissible, and in our opinion contemplated neither in the provisions of the constitution nor of the statute.

It further appears that the timber on the upper tract was first sold for seventy-five dollars; and on a subsequent sale of the timber on the other and lower tract of land, the note for this sum was surrendered; and of the whole purchase money the defendant then paid in cash one half and gave the note sued on for the residue. The sum remitted or forgiven eliminates the sum involved in the sale of the disputed timber, and puts out of the way any controversy which could interfere with the jurisdiction of the Justice in the premises. The exception is not sustained.

II. The sale was made by the guardian without an order

of Court as required in Bat. Rev. ch. 53, § 33: The contract is in writing, and the infant, Dickson, having arrived at full age, ratifies the act of his guardian by becoming a party plaintiff, and in association with the guardian, prosecuting the claim. This obviates any objection to the want of authority in the guardian to make the sale. The defendant can not be allowed to resist a recovery on this ground. In the case of *Green* v. *N. C. R. R. Co.*, 77 N. C. 95, the plaintiff had by parol sold to the defendant certain growing timber, and sought to recover the value of the timber, alleging his contract to be void under the statute of frauds. This he was not permitted to do, and the Court say: " The contract is void unless signed by the party to be charged therewith. There is no attempt to charge the plaintiff. He is the actor in the matter, and as the defendant *agrees and offers to comply* with the contract and does not seek to avoid it under the statute, the plaintiff can not take shelter under it for the purpose of getting rid of the contract and holding the defendant liable for the wood, as if there had been no agreement on his part to take the tract of land in full payment." The principle thus declared, the defendant here being the actor in asserting his counter claim, is applicable to our case, that where a party not himself bound by a written contract embraced within the statute of frauds, seeks by action to enforce it against another who is bound, or does not rely on the statute, the latter can not defend himself by setting up the unwritten contract of the former against his own legal obligation. This exception is also overruled.

III. The seal affixed to Williamson's signature having been defaced, cancelled the bond and annulled its obligation: There was no evidence adduced as to the circumstances under which the obliteration was made, nor how, when or by whom it was done. The defendant testified to making the seal, and the plaintiff's guardian denied having defaced it herself, or having any knowledge or information

of the act. The Court submitted the question to the jury, instructing them that if the cancellation was done by the plaintiff, the bond would be rendered void, but if done by a stranger, it would not. The instruction is not subject to any just complaint.

IV. There could not be a common complaint against two defendants, one of whom executed the note with, and the other without, seal: The Justice states that the complaint was on a note, the exhibition of which is a substitute therefor, authorized by Bat. Rev. ch. 63, § 20, rule 7. This is as effectual pleading as the most formal complaint which could be drawn to enforce the payment of the note.

V. The plaintiff offered to prove, and (though not so stated) to give force to the exception we must assume was allowed to prove, that the sum remitted was for the timber on the disputed land: To this evidence the defendant objected, for that, the entry of the Justice was not susceptible of explanation. The evidence was properly admitted. The defendant sets up a failure of title to part of the timber for which the note was given, and there being an indefinite entry as well on the note as on the docket of the Justice of a remission of seventy-five dollars, it was entirely competent for the plaintiff to show on what account the sum was remitted, and thus eliminate all matters of inquiry which could under any circumstances lead to a controversy in regard to title to land.

No error.

PER CURIAM. Judgment affirmed.