C. E. FORD v. FORD MOULDING COMPANY, A CORPORATION OF NORTH CAROLINA, AND FORD METAL MOULDING CORPORATION, A CORPORATION OF NEW JERSEY.

(Filed 9 November, 1949.)

Ejectment §§ 1, 7—

Evidence that the relationship of landlord and tenant existed between the parties and that defendants were holding over after the expiration of the term is sufficient to take the case to the jury and support judgment for plaintiff in summary ejectment, and defendants' claim in respect to improvements is outside the scope of the proceeding and not justiciable therein.  G.S. 42, Art. 3.

APPEAL by defendants from Burgwyn, Special Judge,. at April-May Civil Term, 1949, of FRANKLIN.

Civil action in summary ejectment instituted 9 April, 1949, for the possession of certain land and building thereon in Franklin County, North Carolina, heard in Superior Court on appeal thereto from judgment entered in the court of a justice of the peace of said county.

Upon the trial in Superior Court the plaintiff offered in evidence a written lease dated 20 January, 1948, by the terms of which plaintiff and his wife, as lessors, leased to defendant, Ford Metal Moulding Corporation, organized and existing under the laws of the State of New Jersey, as lessee, a certain parcel of land, together with the buildings and other improvements thereon situate, in the town of Louisburg, Franklin County, North Carolina, for one year beginning 15 March, 1948, and continuing until 15 March, 1949, at a fixed rental.  The lessee was given option to purchase the property at any time during the term of the lease. And the evidence for plaintiff shown in the record tends to show that the lessee did not exercise its option to purchase, and that the term of the lease expired 15 March, 1949, and that then plaintiff demanded possession of the property.

Defendants, in evidence offered on the trial, do not claim that the option was exercised, and admit the existence and terms of the written lease and possession of the premises, and that Ford Moulding Company is sublessee.  But they offer evidence tending to show negotiations for continuance of the lease, without avail, and that the lessee had expended large sums of money in preparing the building for the purposes for which it was leased, the removal of which plaintiff forbids.

The jury returned verdict that plaintiff is the owner and entitled to the possession of the premises described in the affidavit on which summons issued.  Thereupon the court entered judgment declaring that defendants are in the wrongful possession thereof, and ordering that they be removed therefrom and plaintiff be put in possession thereof.

STATE *v.* BRYANT.

Defendants appeal to Supreme Court and assign error.

*Malone & Malone and Yarborough & Yarborough for plaintiff, appellee.*
*Edward F. Griffin for defendants, appellants.*

WINBORNE, J. Defendants challenge the jurisdiction of a court of a justice of the peace in this proceeding, and assign as error the denial of their motions for judgment as of nonsuit.

The jurisdiction of a justice of the peace in civil action for recovery of possession of real estate is entirely statutory, and is derived from the landlord and tenant act providing for summary ejectment. Article 3 of Chapter 42 of the General Statutes of North Carolina. Such jurisdiction may be exercised only in cases where the relationship of landlord and tenant existed within the terms and meaning of this act, and where the tenant holds over after the expiration of the term. See *Simons v. Lebrun,* 219 N.C. 42, 12 S.E. 2d 644, and cases there cited.

Testing the evidence in the present case by this principle it is clear that the relationship of landlord and tenant existed between plaintiff as lessor and defendant, Ford Metal Moulding Company, as lessee, and that the lessee holds over after the expiration of the term fixed by the written lease. Hence the court of a justice of the peace would have jurisdiction as to who is entitled to the possession. This is the question presented here.

But on the record on this appeal, the rights of the parties in respect of improvements, if any, put upon the property by lessee, whatever may be their nature and character, are not presented,—and as to such rights we make no decision.

However, on this record it would seem, after due consideration of the questions presented, that there is sufficient evidence to take the case to the jury and to justify and support the verdict rendered. Hence in the judgment below, we find

No error.