FRANK W. HARWELL AND WIFE, v. CLIFFORD A. ROHRABACHER.

(Filed 14 December, 1955.)

**1. Ejectment § 4—**

   A magistrate has no jurisdiction to try an action in which title to real property is at issue and his jurisdiction of an ejectment action obtains only when there is a contract of rental and the relation of landlord and tenant exists between the plaintiff and the defendant.

HARWELL *v*. ROHRABACHER.

**2. Ejectment § 5—**

> If the defendant in summary ejectment wishes to assert that title to real property is in controversy and will arise in the trial of the action, he must plead his defense by written answer signed by him or his attorney, G.S. 7-124, and, in the absence of such answer, he cannot draw title into issue.

**3. Vendor and Purchaser § 13—**

> Where the purchaser, by and with consent of vendors, cancels his binding contract to purchase the premises and withdraws his deposit of earnest money, he terminates the contract.

**4. Ejectment § 4—**

> Where, after the termination of a contract to purchase realty, the purchaser leases the premises from vendors and pays rent to them, and, after the sale of the property to a third person, pays rent to the grantee, the grantee may maintain an action in summary ejectment for possession of the property after due notice to vacate, title to the property not being in issue. It is immaterial whether possession was taken before or after the cancellation of the contract to purchase.

**5. Landlord and Tenant § 3—**

> A person who enters into possession of premises as the tenant of another may not deny the title of his landlord.

APPEAL by defendant from *McKeithen, Special J.,* May Term, 1955, GUILFORD. Affirmed.

Civil action in summary ejectment.

On 26 November 1954, H. R. Welker and wife owned the house and lot in controversy which had been listed with C. H. Slater Realty & Mortgage Corporation, hereinafter referred to as realty company, for sale. On that date the defendant made a firm offer for the purchase of the property and delivered his check for $812.50 as earnest money to bind the transaction. The offer was accepted by the Welkers. Under the terms of the agreement thus entered into, the transaction was to be consummated on or before 26 February 1955.

Defendant ascertained that there were two deeds of trust on the property and several other liens. Delay resulted and in the latter part of December, 1954, defendant and an attorney representing the Welkers discussed a rental of the property by the defendant, and the Welkers authorized a rental to the defendant at $100 per month. On 3 January 1955, the defendant went to the realty company and demanded the return of his deposit of $812.50. The deposit was returned to him, and he signed a letter acknowledging receipt of the earnest money deposit and agreeing that "my contract to purchase this property is now null and void." There is some evidence tending to show that the defendant withdrew his deposit and canceled the agreement for the reason he was under the impression the deeds of trust would be foreclosed, and he

might be able to purchase the property at a lower price. Likewise, on 3 January 1955, the defendant sent the attorney for the Welkers a check in the sum of $100 to cover the January rent and entered possession of the property. Later in January the Welkers sold and conveyed the property to the plaintiff Frank W. Harwell, and on 2 February 1955, plaintiff Harwell advised the defendant that he had acquired title, that future rents would be payable to him, and that he was demanding possession of the property on or before 4 April 1955. Defendant paid Harwell rent for the months of February and March.

Upon failure of defendant to vacate the premises at the expiration of his term, plaintiffs instituted this action in summary ejectment before a justice of the peace. Defendant did not file any answer or any other written pleading, but contended that the title to real property was at issue. Judgment was rendered in favor of the plaintiff, and defendant appealed to the Superior Court.

When the cause came on to be heard in the Superior Court, plaintiffs offered their evidence and rested. Defendant moved for nonsuit which was denied. He offered no testimony. He thereupon prayed the court to instruct the jury as follows:

"I charge you that if you find that, at the time the arrangements were made about the rental of the property, there was in existence and in effect a contract for sale and purchase, the relation of Landlord and Tenant would not then be created."

The prayer was denied, but it does not appear that the defendant excepted to the denial thereof.

The court submitted to the jury issues appropriate in a summary ejectment action which were answered in favor of the plaintiff. There was judgment on the verdict and the defendant appealed.

*Jordan & Wright for plaintiff appellees.*
*Wm. E. Comer for defendant appellant.*

BARNHILL, C. J. The defendant challenges the validity of the judgment entered in the court below on jurisdictional grounds. A magistrate has jurisdiction in an ejectment action only when there is a contract of rental and the relation of landlord and tenant exists between the plaintiff and the defendant.

"The jurisdiction of a justice of the peace in civil actions for recovery of possession of real estate is entirely statutory—and is derived from the landlord and tenant act providing for summary ejectment. (Statute cited.) Such jurisdiction may be exercised only in cases where the relationship of landlord and tenant existed within the terms and meaning of the landlord and tenant act, and where the tenant holds over after

expiration of the term. (Authorities cited.)" *Simons v. Lebrun,* 219 N.C. 42, 12 S.E. 2d 644; *Ford v. Moulding Co.,* 231 N.C. 105, 56 S.E. 2d 14; *Howell v. Branson,* 226 N.C. 264, 37 S.E. 2d 687.

While it is true that a justice of the peace has no jurisdiction to try an action in which the title to real property is at issue, if the defendant in a summary ejectment proceeding wishes to assert that the title to real property is in controversy and will arise in the trial of the action, he must plead his defense by written answer signed by him or his attorney. G.S. 7-124. The title to real estate cannot be drawn into controversy by the defendant on a trial in a justice's court except by delivering to the justice an answer in writing that such title will come in question. *Evans v. Williamson,* 79 N.C. 86. And his answer must be supported by evidence. *Jerome v. Setzer,* 175 N.C. 391, 95 S.E. 616.

Furthermore, even if we concede that the defendant has raised the issue, there is no evidence in the record which tends to show that the title to real estate is involved in this action. The defendant voluntarily, by and with the consent of the Welkers, canceled his binding contract to purchase the premises and withdrew his deposit of earnest money. He thereby terminated the contract. He then leased the premises and entered into possession thereof as the lessee of plaintiff's predecessor in title and paid rent thereon for three months. He received due notice to vacate. Hence the peremptory instruction of the court about which the defendant complains is warranted by the record.

The peremptory instruction was warranted for still another reason. The person who enters into the possession of premises as the tenant of another may not deny the title of his landlord.

"It is recognized as the general rule that a tenant is not allowed to controvert the title of his landlord or set up rights adverse to such title without having first surrendered the possession acquired under and by virtue of the agreement between them." *Lawrence v. Eller,* 169 N.C. 211, 85 S.E. 291; *Carnegie v. Perkins,* 191 N.C. 412, 131 S.E. 750, and cases cited.

"In *Perry v. Perry,* 190 N.C. p. 126, *Varser, J.,* speaking to the question says: 'Of course, as stated in *Davis v. Davis,* 83 N.C. 71, if the defendant did enter as tenant of the plaintiffs or became such after entry, then he is estopped to deny the plaintiffs' title (16 R.C.L. 469), or to assert title to himself (16 R.C.L. 657) until he has restored the possession to the plaintiff, but he may contest the issue of tenancy by any competent evidence.' " *Carnegie v. Perkins, supra.*

It is immaterial whether the defendant entered into possession of the premises before or after he procured the cancellation of his contract to purchase. It is uncontradicted that the contract was canceled and defendant remained in possession as tenant. *Carnegie v. Perkins, supra.*

Furthermore, the record is devoid of any evidence which tends to bring the title to the premises in issue in this cause.

The case just cited (*Carnegie v. Perkins*) is almost on all fours, and the identical questions raised in that cause were resolved against the tenant.

The judgment entered in the court below must be
Affirmed.