AMERICAN DENTAL SERVICES, INC. v. JAMES F. FULP, JR., D.D.S., P.A.

No. 8210DC110

(Filed 5 April 1983)

**Ejectment § 1.5— sufficiency of evidence in ejectment action**

> The plaintiff in an action for summary ejectment was entitled to be put in possession of premises subleased to defendant dentist where the evidence showed that plaintiff is holding under a lease from a department store without any indication that either party to the lease contests it, and that defendant's attorney wrote a letter to plaintiff stating that the lease was terminated and would not be honored by the defendant.

APPEAL by plaintiff from *Barnette, Judge.* Judgment entered 14 October 1981 in District Court, WAKE County. Heard in the Court of Appeals 17 November 1982.

This action was commenced before a magistrate on 13 August 1981 as an action for summary ejectment. The defendant filed an answer in which he denied the plaintiff's title. The case was transferred to the District Court of Wake County. The defendant then filed an amended answer in which he alleged as an affirmative defense that a purported lease between the parties was void as being against public policy. He counterclaimed, alleging actions for fraud and deceptive trade practices.

The plaintiff filed a motion for summary judgment and the defendant made an oral motion for summary judgment at the time of the hearing on the plaintiff's motion. The papers filed in support of the motions for summary judgment reveal that the following facts are not in dispute. The plaintiff is a Florida corporation which leased 1,500 square feet of space from King's Department Stores, Inc., a Delaware corporation. The plaintiff subleased this space to the defendant. The lease from King's Department Stores, Inc. to the plaintiff was denominated a "Dental Office Lease." It provided that the leased premises would be used for a dental office, and the lessor would receive a minimum

rent with a provision for additional rent based on gross receipts. The terms of the sublease required the defendant to pay a minimum rent plus a percentage based on gross receipts. It provided that in the event of a default by the defendant, the plaintiff could terminate the lease. The plaintiff stated by affidavit of its president that the defendant had paid to the plaintiff on 24 August 1981 $3,458.92, which represented rent payments through 20 July 1981, and that the defendant was delinquent in the amount of $7,491.02 for rent on 29 August 1981.

The defendant filed affidavits in which it was stated that on 17 August 1981, $3,458.92 was paid to the plaintiff for any rent that might be due. Attached to one of the affidavits was a letter dated 25 June 1981 from the defendant's attorney to the plaintiff which stated that the lease violated public policy and was terminated effective 30 June 1981.

The court found "that the purported agreements under which the plaintiff claims an estate . . . are in violation of NCGS Sec. 90-29, and are void as against public policy . . . ." The court granted the defendant's motion for summary judgment as to the plaintiff's claim. The plaintiff appealed.

*McDaniel, Heidgerd and Schiller, by Marvin Schiller, for plaintiff appellant.*

*Pinna and Corvette, by T. E. Corvette, Jr. and Karen Estelle Carey, for defendant appellee.*

*Bailey, Dixon, Wooten, McDonald and Fountain, by Ralph McDonald and Carson Carmichael, III, for North Carolina State Board of Dental Examiners, amicus curiae.*

WEBB, Judge.

At the outset we note that the order for summary judgment was partial. It did not dispose of all claims and this appeal is subject to dismissal. *See Industries, Inc. v. Insurance Co.,* 296 N.C. 486, 251 S.E. 2d 443 (1979). In our discretion, we treat the appeal as a petition for certiorari and allow it.

The parties in their briefs argue at length as to whether King's Department Stores, Inc. and the plaintiff are engaged in the practice of dentistry by performing under the lease and

sublease, and whether this is in violation of public policy which makes the sublease between the plaintiff and defendant void. We do not consider this argument because we do not believe it is necessary for a determination of the case. The defendant takes the position that the lease is void. It filed a letter, attached to an affidavit, from its attorney to the plaintiff, stating the lease was terminated and would not be honored by the defendant. In light of these undisputed facts, we believe the plaintiff had the right to declare the lease in default, which it did, and evict the defendant.

We believe that by proving that the defendant has entered the premises under a lease with the plaintiff, which lease is now terminated, the plaintiff is entitled to be put in possession of the property. *Ford v. Moulding Co.*, 231 N.C. 105, 56 S.E. 2d 14 (1949). The defendant argues that the plaintiff's lease with King's Department Stores, Inc. is void as being against public policy, and the plaintiff does not have any title to the property. We do not reach the question of the lease between King's and the plaintiff. King's is not a party to this action. The plaintiff is holding under a lease from King's Department Stores, Inc. without any indication in the record that either party to the lease contests it. We hold this is sufficient to prove the plaintiff's title to the premises.

We reverse and remand for the entry of a judgment putting the plaintiff in possession of the premises. The defendant's counterclaim is left for trial.

Reversed and remanded.

Judges HEDRICK and BECTON concur.