HILL TRUCK RENTALS, INC. v. HUBLER RENTALS, INC.

No. 7526DC222

(Filed 4 June 1975)

Rules of Civil Procedure § 56— partial summary judgment — counterclaim raising genuine issues of material facts

    The trial court properly entered partial summary judgment for plaintiff on a claim for rent for one truck leased to defendant but erred in entering partial summary judgment for plaintiff on a claim for rent for a second truck where plaintiff also asked for damages caused by defendant's failure to return the second truck in the same condition it was received and defendant pleaded a counterclaim for failure to provide a truck in good condition and repair which raised genuine issues of material facts. G.S. 1A-1, Rule 56(d).

APPEAL by defendant from *Robinson, Judge.* Judgment entered 22 January 1975 in District Court, MECKLENBURG County. Heard in the Court of Appeals 14 May 1975.

In this action plaintiff seeks to recover rent for two trucks leased to defendant, for damages allegedly caused to one of the trucks, and for attorney fees. The complaint alleges:

From 23 April 1974 through 18 June 1974, plaintiff leased an International Harvester truck, vehicle number 8100, to defendant pursuant to terms and conditions set forth in rental agreements marked Schedule A attached to, and made a part of, the complaint. Plaintiff complied with the terms of the agreements but defendant breached the agreements by failing to pay $724.53 rent due thereunder.

From 23 April 1974 through 20 June 1974, plaintiff leased a second International Harvester truck, vehicle number 8101,

to defendant pursuant to terms and conditions set forth in rental agreements marked Schedule B attached to, and made a part of, the complaint. Plaintiff complied with the terms of said agreements but defendant breached the agreements in the following respects: By failing to pay $833.03 rent due; by failing to return the vehicle in the same condition it was received, namely, returning the vehicle with a blown engine, resulting in plaintiff being damaged by loss of the vehicle for three weeks, $390.00, and a repair bill for $1,230.68.

Plaintiff prayed for recovery in amount of $3,178.24 ($724.53 plus $833.03 plus $390.00 plus $1,230.68), and for costs and reasonable attorney fees in amount of $1,058.35.

Defendant filed answer admitting that it leased the two trucks from plaintiff and that "a rental sum is due plaintiff by defendant" for each truck. However, as to vehicle number 8101, defendant pleaded a further answer and counterclaim in which it alleged that plaintiff breached the agreement by failing to provide defendant with a truck in good condition and repair; that because of the breach the truck became inoperable on 18 June 1974, requiring defendant to procure a replacement vehicle at additional expense and causing defendant to incur expense and inconvenience in having plaintiff's truck towed and returned to plaintiff's place of business in Charlotte.

Defendant prayed that plaintiff recover nothing, that defendant recover $500.00 "for costs of replacement, towing, loss of income, plus interest from June 18, 1974."

Plaintiff filed a reply to the counterclaim and thereafter moved for partial summary judgment for $1,557.56, said amount representing the claims for rent, together with interest thereon from 20 June 1974, and collection costs incurred by plaintiff, including attorney fees "which the Court may deem properly allocable to this portion of the claim." Plaintiff accompanied its motion for summary judgment with an affidavit and also asked that its verified complaint, together with the attached schedules, be treated as an affidavit. Defendant filed no response to the motion for summary judgment and presented no affidavit or other material.

Following a hearing on the motion, the trial court determined that there was no genuine issue of fact to be submitted as to the amounts due under the rental agreements, that plaintiff was entitled as a matter of law to recover on those claims,

and that as to the claims of plaintiff for unpaid rental "there is no just reason for delay, and that as to those claims, final judgment should be entered." From judgment providing that plaintiff recover $1,557.56 with interest from 20 June 1974 until paid, defendant appealed.

*Edwards, Davis, Postlethwait, Potter & Dunn, by Ronald H. Davis and J. Thomas Dunn, Jr., for the defendant appellant.*

*Farris, Mallard & Underwood, P.A., by E. Lynwood Mallard, for the plaintiff appellee.*

BRITT, Judge.

Defendant contends the court erred in rendering partial summary judgment for plaintiff. We hold that summary judgment was proper as to plaintiff's claim for rent for vehicle number 8100, but that the court erred in entering summary judgment as to the claim for rent of vehicle number 8101.

G.S. 1A-1, Rule 56(d) allows the trial court to grant a partial summary judgment. In this case the partial summary judgment entered was *final*, therefore, defendant had a right to appeal.

The complaint clearly alleged two separate claims, one for rent due on vehicle number 8100 and the other for rent due on vehicle number 8101. The purpose of the summary judgment rule is to provide an expeditious method of determining whether a genuine issue as to any material fact actually exists, and, if not, whether the moving party is entitled to judgment as a matter of law. *Schoolfield v. Collins*, 12 N.C. App. 106, 182 S.E. 2d 648 (1971).

With respect to the claim for rent for vehicle number 8100, defendant admitted "that a rental sum is due plaintiff" and pleaded no counterclaim as to that claim. At the hearing, the court had before it the verified complaint with Schedule A made a part of it, showing that plaintiff was entitled to recover $724.53. When defendant did not respond to the motion for summary judgment, by affidavits or otherwise, but rested on the general denial in its answer as to the amount of rent due, it failed to show that a genuine issue existed as to rent due plaintiff for vehicle number 8100. G.S. 1A-1, Rule 56(e).

The situation was different as to plaintiff's claim for rent of vehicle number 8101. As to this claim, plaintiff not only asked

for $833.03 rent, but asked for damages sustained by reason of defendant's failure to return the vehicle in as good order and condition as defendant received it. In its answer and counterclaim, while admitting "a rental sum is due plaintiff," defendant pleaded a counterclaim which raised genuine issues of material facts that would preclude summary judgment in favor of plaintiff.

For the reasons stated, the judgment appealed from is vacated. This cause is remanded to the district court for entry of judgment consistent with this opinion as to plaintiff's claim for rent of vehicle number 8100. As to plaintiff's claim for rent of vehicle number 8101, the cause will stand for trial upon the issues raised in the pleadings.

Judgment vacated and cause remanded.

Judges PARKER and VAUGHN concur.