JOSEPH BROWN BECK v. AMERICAN BANKERS LIFE ASSURANCE COMPANY OF FLORIDA, JACK WALSH, INDIVIDUALLY, AND DONALD R. TENAGLIA, INDIVIDUALLY

No. 7718SC566

(Filed 2 May 1978)

1. **Appeal and Error § 6.12— partial summary judgment—immediate appeal**

   Partial summary judgment was immediately appealable where it amounted to a final judgment that plaintiff is entitled to recover of defendant the sum of $21,500.73.

2. **Insurance § 2.6— agent's right to commissions—improper conduct in sale of policies—summary judgment**

   Summary judgment was improperly entered for plaintiff on his claim against defendant insurance company to recover commissions on premiums paid on policies sold by plaintiff and his sub-agents where summary judgment was based solely on defendant's answer to an interrogatory that it was holding over $23,000 in plaintiff's account, but defendant presented affidavits that plaintiff and his sub-agents sold a number of policies by use of misrepresentations, harassment and coercion in violation of the insurance laws of North Carolina, and plaintiff's contract of employment with defendant, which was attached to the complaint, contained provisions negating plaintiff's right to commissions when policies were secured in such manner.

APPEAL by defendant American Bankers Life Assurance Company of Florida from *Collier, Judge.* Order entered 7 February 1977 in Superior Court, GUILFORD County. Heard in the Court of Appeals 4 April 1978.

Plaintiff instituted this action to recover damages for alleged wrongful termination of his employment contract with the corporate defendant. (The individual defendants are employees of the corporate defendant; plaintiff's action has been dismissed as to them and they are not involved on this appeal; the corporate defendant will hereinafter be referred to simply as the defendant.)

Plaintiff was initially employed by the defendant in January 1970 and was promoted to the position of Division Manager in December 1970 with authority to sell life insurance and annuities, either in person or through his appointed sub-agents. The employment contract provided that plaintiff receive commissions on premiums paid on policies which he and his sub-agents sold. Plaintiff alleged in his complaint that after his contract was ter-

minated, the defendant wrongfully retained commissions to which he was entitled and that he will become entitled to additional commissions as renewal premiums are paid. Plaintiff sought to recover these commissions as damages and in addition prayed for punitive damages.

The defendant answered, denying plaintiff's allegation that the termination of his employment contract was wrongful. After making further investigation, defendant moved to amend its answer and to allege a counterclaim. It also moved to add certain of plaintiff's associates as additional parties. In the proposed counterclaim defendant alleged that plaintiff and his sub-agents had made many of their sales by coercion and harassment of clients and by deliberate misrepresentation of policy provisions. As a result of these actions by plaintiff and his sub-agents a number of policies they sold had to be cancelled, and in some instances defendant was required to refund all premiums paid by the policyholders. Defendant also alleged it had been forced to incur substantial expenses in investigating complaints made by policyholders who were the victims of plaintiff's harassment and misrepresentations. Defendant counterclaimed for damages in the amount of $750,000 caused by plaintiff's misconduct and asked that the sums it had been required to refund to policyholders and the expenses it had been forced to incur in investigating complaints be setoff against any money it might owe plaintiff for commissions.

The defendant maintained an account on its books to which it credited amounts accruing for plaintiff's commissions. In response to plaintiff's interrogatory, defendant stated that as of 15 April 1976 it was holding $23,009.34 in plaintiff's account.

On 17 January 1977 plaintiff moved for summary judgment, alleging that there was no dispute as to the existence of the employment contract between plaintiff and defendant and that defendant admitted it was holding approximately $23,000 belonging to plaintiff. Defendant filed affidavits in response to the motion for summary judgment stating essentially the same matters alleged in its proposed counterclaim.

By order entered 7 February 1977 the court dismissed the action as to the individual defendants and granted the defendant's motions to amend its answer, to be allowed to file its counter-

claim, and to add additional parties. As part of that same order, the court granted plaintiff's motion for summary judgment "subject to the parties determining within 15 days of the date of the entry of this order the amount or amounts being held by American Bankers Life Assurance Company of Florida as commissions earned by Joe Beck and it being further ordered that after the payment by the defendant, American Bankers Life Assurance Company of Florida, to Joe Beck of amount of commissions, that any amount paid under this order shall be considered as a credit against any recovery made by the plaintiff in this action if said commissions are considered in the further trial of this case." The court's order further expressly provided that "this matter is retained by the undersigned Judge for the determination of any amount due to the plaintiff under this order granting the plaintiff's Motion for Summary Judgment."

From so much of the order as granted partial summary judgment in favor of the plaintiff, defendant appealed.

*Alspaugh, Rivenbark and Lively by James B. Rivenbark for plaintiff appellee.*

*Jordan, Wright, Nichols, Caffrey and Hill by Karl N. Hill, Jr., for defendant appellant.*

PARKER, Judge.

[1] Defendant's sole assignment of error is directed to the portion of the court's order granting plaintiff's motion for partial summary judgment. G.S. 1A-1, Rule 56(d) allows the trial court to grant a partial summary judgment in appropriate circumstances. If the partial summary judgment is final as to the matters adjudicated therein, or if it affects a substantial right, it is immediately appealable. *Oestreicher v. Stores*, 290 N.C. 118, 225 S.E. 2d 797 (1976); *Rentals, Inc. v. Rentals, Inc.*, 26 N.C. App. 175, 215 S.E. 2d 398 (1975). Although the partial summary judgment entered in the present case is somewhat ambiguous and its finality is open to question, it does appear to contemplate that defendant must make immediate payment to plaintiff of a substantial sum of money, the exact amount of which the parties were directed to determine. The record contains a supersedeas bond filed by defendant on 7 March 1977, which recites that "the amount of commissions has now been determined as $21,500.73."

This recitation, read in conjunction with the language of the partial summary judgment entered by the court, appears to have been considered by the parties to this appeal as converting the judgment into a final judgment that plaintiff is presently entitled to recover of defendant the sum of $21,500.73. We accept this interpretation and find the court's partial summary judgment presently appealable.

[2] Examining the material before the court when it passed on plaintiff's motion for summary judgment, we find that the trial court appears to have granted the partial summary judgment for plaintiff solely on the basis of defendant's answer to the following interrogatory:

Question: How much money is the company holding in Joseph Beck's account?

Answer: As of April 15, 1976, $23,009.34.

The court apparently interpreted this answer as establishing defendant's liability to pay plaintiff the amount it admitted it was "holding in Joseph Beck's account." We do not agree with the trial court's interpretation of the legal significance of defendant's answer to the interrogatory. That answer must be viewed in the light of the statements contained in defendant's affidavits, read in conjunction with the allegations in its counterclaim, all of which were before the court when it passed on plaintiff's motion for summary judgment. When so viewed, it is clear that defendant's answer did not amount to an admission that it was liable to plaintiff for all sums shown as held by it in the account which it maintained on its books in plaintiff's name. Defendant's affidavits support its allegations that plaintiff and his sub-agents sold a number of policies by use of misrepresentations, harassment, and coercion in violation of the insurance laws of North Carolina. The employment contract, which was attached to plaintiff's complaint, contains provisions negating plaintiff's right to commissions when policies are procured in a manner such as described in the affidavits. Defendant has therefore shown that there are genuine issues of material fact as to what amount of commissions, if any, plaintiff is entitled to receive, and the trial court erred in entering summary judgment on this issue.

Accordingly, the portion of the court's order granting plaintiff's motion for summary judgment on the issue of the amount of commissions he is entitled to receive from defendant is

Reversed.

Judges VAUGHN and WEBB concur.