CITY OF THOMASVILLE v. LEASE-MARTIN AFEX, INC.

No. 7722SC835

(Filed 21 November 1978)

1. Trial § 3.2— motion for continuance—time for making

The trial court did not err in refusing to grant plaintiff's oral motion to continue so that other discovery might be completed, since the motion, made on the very day of a summary judgment hearing, came over three years after the fire giving rise to this action, twelve months after the suit was started and nearly two months after defendant had moved for summary judgment.

**2. Sales § 22.2 — fire suppression system on bulldozer — failure to work — summary judgment — reliance on complaint insufficient**

In an action to recover for damages to a bulldozer which occurred when a fire suppression system installed by defendant allegedly did not work, the trial court properly entered summary judgment for defendant where the motion was supported by affidavits of two of defendant's employees who saw the bulldozer after the fire and who stated that the fire suppression system did work, and plaintiff relied only on the allegation in its complaint that the system did not work.

APPEAL by plaintiff from *Long, Judge.* Judgment entered 24 June 1977 in Superior Court, DAVIDSON County. Heard in the Court of Appeals 14 August 1978.

Plaintiff brought this action for damages to a bulldozer used in its landfill operation. The machine was damaged by fire on 29 March 1974. Defendant, prior to that time, had sold and installed on the bulldozer a fire suppression system which included both automatic and manual activation devices. This system operated by spraying a fire suppressing powder over the bulldozer.

In its complaint filed 27 May 1976, plaintiff presented claims based on strict liability, negligent manufacture, and breach of both implied and express warranties and asked for over $8000 in damages. Each claim was based upon plaintiff's allegations that "the fire suppression system did not activate automatically and could not be activated manually."

The defendant answered pleading limitations of the express and implied warranties, denying that the system failed to activate and raising other defenses.

On 29 April 1977, defendant moved for summary judgment. The motion was supported by the depositions of two of plaintiff's employees. When the motion came on for hearing on 6 June 1977, plaintiff moved for a continuance. The motion to continue was denied, and defendant's motion for summary judgment was subsequently allowed.

*Richard M. Pearman, Jr., for plaintiff appellant.*

*Hudson, Petree, Stockton, Stockton & Robinson, by W. Thompson Comerford, Jr., and Grover G. Wilson, for defendant appellee.*

VAUGHN, Judge.

[1]　We find no merit in plaintiff's argument that the court erred when it refused to grant his oral motion to continue so that other discovery might be completed. The motion, made on the very day of the hearing, came over three years after the fire, twelve months after the suit was started and nearly two months after defendant had moved for summary judgment. The motion was properly denied. Moreover, it should be noted that plaintiff did not seek to invoke Rule 56(f) by showing by affidavit reasons why he could not at that time present facts essential to justify his opposition to the motion for summary judgment.

[2]　We also conclude that the entry of summary judgment for defendant was appropriate for any one of several reasons. We will discuss only one. Although plaintiff alleged several claims for relief, all of them were grounded upon the premise that "the fire suppression system did not activate automatically and could not be activated manually." It appears that the fire suppression system was supposed to discharge a chemical powder from a central tank through a series of nozzles. To negate the allegations that the system "failed to activate," defendant introduced the deposition of plaintiff's employee, Hurst, who was operating the bulldozer when the fire started. Hurst was unable to say whether the fire suppression system activated but did say he thought he saw some powder on the nozzle. Defendant also introduced the deposition of Hurst's supervisor, Lanier. Lanier got to the scene after the fire department extinguished the fire. He said,

> "Where the water had not been sprayed, it was covered with white powder. . . .
>
> From looking at the front of the dozer, you could tell that the system had activated. You couldn't tell one way or another in the rear of the dozer where the firemen had sprayed the water.
>
> I don't know of any reason why the front would activate and the rear would not — it all comes from the same connection from the tank."

Rule 56(e), provides that

> "When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not

rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him."

*See also Nasco Equipment Co. v. Mason,* 291 N.C. 145, 229 S.E. 2d 278 (1976). Plaintiff introduced no affidavits or other materials to show the alleged failure to activate and thereby raise an issue of fact. Neither did plaintiff show by affidavit any reason that he could not provide such evidence, which would justify the court's refusal to enter judgment until discovery might be had. *See* G.S. 1A-1, Rule 56(f). Plaintiff offered nothing beyond its bare allegations that the suppression system did not activate. This was insufficient under Rule 56(e) which "clearly precludes any party from prevailing against a motion for summary judgment through reliance on such conclusory allegations unsupported by facts." *Nasco Equipment Co. v. Mason, supra,* at 152.

Summary judgment for the defendant is affirmed.

Affirmed.

Judges MARTIN (Robert M.) and MITCHELL concur.