CITY OF THOMASVILLE v. LEASE-AFEX, INC.

No. 7922SC406

(Filed 8 January 1980)

Sales § 22.2— fire suppressant system on bulldozer—alleged negligent design and installation—summary judgment for defendant

Summary judgment was properly entered for defendant in plaintiff's action to recover for damages to its bulldozer allegedly caused by defendant's defective design, construction and installation of a fire suppressant system on the bulldozer where plaintiff's evidence did no more than raise a mere speculation as to the existence of a malfunction within the suppressant system.

Judge WELLS dissenting.

City of Thomasville v. Lease-Afex, Inc.

APPEAL by plaintiff from *McConnell, Judge.* Judgment entered 26 January 1979 in Superior Court, DAVIDSON County. Heard in the Court of Appeals 4 December 1979.

*Richard M. Pearman, Jr., for the plaintiff.*

*Hudson, Petree, Stockton, Stockton & Robinson, by W. Thompson Comerford, Jr., for the defendant.*

MARTIN (Robert M.), Judge.

Plaintiff seeks recovery for damages to a bulldozer owned by it, those damages having been allegedly caused by the defective design, installation and operation of a fire suppressant system placed by defendant on plaintiff's bulldozer. The claims for damages were pled under theories of breach of express and implied warranties and negligence. After substantial discovery, defendant moved for and got summary judgment entered in its favor. Plaintiff appealed, contending that there were material issues of fact which should have been submitted to the jury. We do not agree. The facts surrounding this case are almost identical with the facts of *City of Thomasville v. Lease-Martin Afex, Inc.,* 38 N.C. App. 737, 248 S.E. 2d 766 (1978), in which a similar fire involving the same questions of liability was the subject of litigation culminating in summary judgment for defendant. In the instant case, plaintiff's evidence, from the operators of the bulldozer and from their expert mechanical engineer, does no more than raise speculation as to the existence of any malfunction within the system and provides no proof from which the trier of fact could infer that there was any defect in the design, construction or installation of the system, even though that evidence be viewed in the light most favorable to plaintiff. The system *did* function, and even plaintiff's expert did not assert as a fact that the system had malfunctioned or provide any concrete theories as to causation of the hypothetical malfunction, other than speculation as to a leak in the seal of the $CO_2$ cannister which powered the system. Accordingly, we affirm the entry of summary judgment below. *See City of Thomasville v. Lease-Martin Afex, Inc., supra.*

Affirmed.

Judge HEDRICK concurs.

Judge WELLS dissents.

Judge WELLS dissenting.

We view the forecast of plaintiff's evidence as sufficient to withstand defendant's motion for summary judgment. Our courts have consistently held that summary judgment is a drastic remedy and should be used cautiously. *Koontz v. City of Winston-Salem*, 280 N.C. 513, 186 S.E. 2d 897 (1972), *rehearing denied*, 281 N.C. 516 (1972); *Holley v. Coggin Pontiac, Inc.*, 43 N.C. App. 229, 259 S.E. 2d 1 (1979), *disc. rev. denied*, 298 N.C. 806, 261 S.E. 2d 919 (1979). The papers of the moving party are to be closely scrutinized, while those of the opposing party are to be indulgently regarded. *Singleton v. Stewart*, 280 N.C. 460, 186 S.E. 2d 400 (1972). Proceedings on summary judgment are not intended to operate as a substitute for trial, but only to determine if there are genuine issues to be tried. *Kidd v. Early*, 289 N.C. 343, 222 S.E. 2d 392 (1976).

In the case before us plaintiff has raised the issues of breach of express and implied warranties and negligent design. Plaintiff's expert witness, Daniel W. Smith, testified that in his opinion the charge in the $CO_2$ cannister had a tendency to leak and did in fact leak in the bulldozer in question. Due to the leak, there was not a sufficient quantity of propellant to disperse the fire extinguishing chemical powder to effectively suppress or extinguish the fire. The expert's testimony was sufficient for the trier of fact to conclude the fire suppression system was unmerchantable or negligently designed.

The majority rests its decision on *City of Thomasville v. Lease-Martin Afex, Inc.*, 38 N.C. App. 737, 248 S.E. 2d 766 (1978). In that case the plaintiff offered nothing beyond its bare allegation that the fire suppressing system did not activate. The fact that the system did not work was held insufficient *by itself* to show a forecast of evidence that defendant negligently designed the device or breached express or implied warranties. In the present case, the testimony of plaintiff's expert satisfies the deficiency.

The judgment of the trial court should be reversed.