MACK ERVIN NICHOLS v. STATE EMPLOYEES' CREDIT UNION

No. 793DC821

(Filed 15 April 1980)

**1. Appeal and Error § 6; Rules of Civil Procedure § 54.1—interlocutory order—substantial right affected**

The "substantial right" exception to Rule 54(b) certification of an appeal of an interlocutory order is limited to those situations where the substance of the appealing party's claim or defense would be reduced or the appealing party would incur some other direct injury if the appeal were not heard prior to the entry of a final judgment disposing of all the claims of all of the parties.

**2. Appeal and Error § 6.6— partial summary judgment dismissing some claims—no right of appeal**

In an action to recover funds allegedly negligently paid by defendant credit union from plaintiff's checking and savings accounts between 16 October 1977 and 27 December 1977, plaintiff had no right to appeal from an order of the trial court granting defendant's motion for partial summary judgment dismissing plaintiff's action as to all forged checks debited to plaintiff's account from 25 October 1977 through 18 November 1977 and as to a savings withdrawal on 14 November 1977.

Judge WEBB dissenting.

APPEAL by plaintiff from *Aycock, Judge.* Judgment entered 21 May 1979 in District Court, PITT County. Heard in the Court of Appeals 6 March 1980.

Plaintiff instituted this action to recover for funds which he alleges were misapplied or negligently paid by defendant from his savings and checking accounts. Plaintiff alleged defendant had paid a series of forged checks on his account. He alleged these checks were paid commencing 16 October 1977 with the last check being paid on 27 December 1977. The defendant filed an answer and moved for partial summary judgment. The motion for partial summary judgment asked that plaintiff's action be dismissed as to all forged checks debited to plaintiff's account from 25 October 1977 through 18 November 1977. It also asked that the action be dismissed as to a savings withdrawal made on 14 November 1977 in the amount of $800.00 on the ground that $800.00 was deposited to plaintiff's account on the same day.

Affidavits and depositions filed in regard to the motion for summary judgment show the following facts are not contradicted.

In September 1977, plaintiff began residing at Lot 63, Shady Knoll Trailer Park, Greenville, North Carolina. A bank statement with checks enclosed was mailed by defendant to plaintiff at his home address no later than 23 November 1977. The statement showed the forged checks which had been debited to plaintiff's account from 25 October 1977 through 18 November 1977. Defendant testified by deposition that he did not receive the statement. The agents of defendant stated that the signatures on checks received are not verified before they are charged to the accounts of customers. Agents of Wachovia Bank and Trust Company, N.A. and First Citizens Bank and Trust Company testified by deposition that this is consistent with the current and accepted banking practices in North Carolina. Eva B. Little testified by deposition that she was a secretary-loan clerk of the defendant in November 1977. She identified a share withdrawal form dated 14 November 1977 on the account of Mack Nichols. She said, "The two d's in the left-hand corner means two draft deposits which means that there should be another document along with this similar to this document." She did not testify as to what the share withdrawal form showed to be withdrawn, and no evidence was introduced as to what a draft deposit showed was deposited to plaintiff's checking account. The plaintiff discovered the forgeries on 1 January 1978 and notified the defendant two days later.

The court granted defendant's motion for partial summary judgment, without certifying it for appeal under G.S. 1A-1, Rule 54(b). Plaintiff appealed.

*Williamson, Herrin and Stokes, by Mickey A. Herrin, for plaintiff appellant.*

*Lawrence S. Graham for defendant appellee.*

WELLS, Judge.

[1, 2] Although the parties have not raised the issue of the appealability of the trial court's order, it is nonetheless our duty to do so if we believe the appeal is premature. *Waters v. Personnel, Inc.*, 294 N.C. 200, 240 S.E. 2d 338 (1978). We believe that for the same reasons we have today held that the granting of summary judgment as to less than all the parties in a multiple party suit is normally not appealable [*see, Leasing Corp. v. Myers*, 46 N.C. App. 162, 265 S.E. 2d 240 (1980)], the present appeal may not be

entertained. Plaintiff will not be denied a "substantial right" under G.S. 1-277 and G.S. 7A-27 by delaying his appeal until all matters in issue have been resolved at trial. *Waters v. Personnel, Inc., supra; accord, Industries, Inc. v. Insurance Co.,* 296 N.C. 486, 251 S.E. 2d 443 (1979). We believe that the "substantial right" exception to Rule 54(b) certification has been limited by the Court to those situations where the substance of an appealing party's claim or defense would be reduced, or where the appealing party would incur some other direct injury, if the appeal were not heard prior to entry of a final judgment disposing of all of the claims of all of the parties. We see no such substantial right of the plaintiff affected here.

As can be seen via the model we adopted in *Leasing Corp. v. Myers, supra,* --- N.C. App. at ---, --- S.E. 2d at ---: (1) the right to appeal has not been conferred by statute—no substantial right of the defendant has been affected; (2) there has not been a judgment as to all of the claims; (3) the specific action of the trial court from which appeal has been taken is final in nature; and (4) the trial court has failed to certify, under Rule 54(b), that the judgment is final and that there is no just reason for delay. Accordingly, the present appeal is premature.

Appeal dismissed.

Judge HEDRICK concurs.

Judge WEBB dissenting.

Judge WEBB dissenting.

I dissent from the majority opinion. The problem of the appealability of interlocutory orders and judgments has been faced in the following cases. *Highway Commission v. Nuckles,* 271 N.C. 1, 155 S.E. 2d 772 (1967); *Oestreicher v. Stores,* 290 N.C. 118, 225 S.E. 2d 797 (1976); *Newton v. Insurance Co.,* 291 N.C. 105, 229 S.E. 2d 297 (1976); *Nasco Equipment Co. v. Mason,* 291 N.C. 145, 229 S.E. 2d 278 (1976); *Industries, Inc. v. Insurance Co.,* 296 N.C. 486, 251 S.E. 2d 443 (1979); *Whalehead Properties v. Coastland Corporation,* 299 N.C. 270, 261 S.E. 2d 899 (1980); *Beck v. Assurance Co.,* 36 N.C. App. 218, 243 S.E. 2d 414 (1978). The majority has concluded from these cases that the " 'substantial right' exception

to Rule 54(b) certification has been limited by the Court to those situations where the substance of an appealing party's claim or defense would be reduced, or where the appealing party would incur some other direct injury, if the appeal were not heard prior to entry of a final judgment disposing of all of the claims of all of the parties." The substance of the plaintiff's claim in the case sub judice has been reduced prior to final judgment. This should make it appealable.

The law as to the appealability of orders and judgments has been difficult to apply. It has been said that whether an interlocutory judgment affects a substantial right and will work injury to the appealing party, if not corrected before the appeal from final judgment, must be determined by "considering the particular facts of that case . . . ." *See Whalehead Properties v. Coastland Corporation, supra* at 277. It is understandable that the majority would try to draw some rule from the decided cases as to which interlocutory judgments and orders are appealable. From a reading of the cases, I believe an interlocutory order or judgment which affects the merits of a case in such a way that the final judgment cannot stand if the order is wrong, affects a substantial right and will work injury to the appealing party if not corrected before an appeal from a final judgment. This seems to me to be the distinguishing feature in *Nuckles, Oestreicher, Newton, Nasco* and *Beck.* On the other hand, if the whole question of liability is determined adversely to defendant and the amount of damages is not determined, the defendant can wait until final judgment before appealing. This is the rule of *Industries, Inc.* In the case sub judice, if the partial summary judgment is not corrected before appeal from the final judgment and the partial summary judgment is reversed on appeal, the final judgment from which the appeal is taken will not stand. I would hold that this makes the partial summary judgment appealable.