HARRY L. COOK, PLAINTIFF v. EXPORT LEAF TOBACCO COMPANY, DE-
FENDANT AND THIRD-PARTY PLAINTIFF v. JOHN L. COOK D/B/A JOHN L. COOK
PLUMBING COMPANY, THIRD-PARTY DEFENDANT.

No. 797SC1143

(Filed 3 June 1980)

**Appeal and Error § 6.2– partial summary judgment – premature appeal**

Partial summary judgment holding that third party defendant must
indemnify defendant for any judgment on plaintiff's claim is interlocutory
and not appealable under G.S. 1-277 or G.S. 7A-27(d) since the judgment will
not work injury to third party defendant if not corrected before appeal from
a final judgment. Nor was the partial summary judgment appealable under
G.S. 1A-1, Rule 54(b), even if the court's finding that third party defendant
"shall be entitled to appeal this judgment to the Court of Appeals" consti-
tuted a finding that "there is no just reason for delay," since the judgment
was not final as to any of the parties.

APPEAL by third-party defendant from *Peel, Judge.* Judg-
ment entered 10 September 1979 in Superior Court, WILSON
County. Heard in the Court of Appeals 16 May 1980.

This is an action in which the plaintiff seeks to recover from
Export Leaf Tobacco Company (Export) for a personal injury
which, as alleged in the complaint, was proximately caused by
the negligence of Export. The plaintiff, at the time of the injury,
was employed by John L. Cook (Cook) who was doing some
repair work on the property of Export. Export made Cook a
party to the action alleging, among other things, an agreement
between Export and Cook. The agreement provided that Cook
would hold Export harmless for any injury or damage which
occurred by reason of any act of Cook or his agents in connec-
tion with the performance of the contract. Under the agree-
ment, this would be so regardless of whether the injury or
damage was caused in part or contributed to by any act or
omission of Export. Before any liability of Export to the plain-
tiff had been determined, the court granted Export's motion for
partial summary judgment holding that Cook was bound to
indemnify Export for any judgments, costs and attorney fees
arising from the incident in regard to which this action was
filed. The court also held that Cook "shall be entitled to appeal
this judgment to the Court of Appeals .... ." Cook has appealed.

*Hudson, Petree, Stockton, Stockton and Robinson, by Norwood Robinson and Daniel R. Taylor, Jr., for third-party plaintiff appellee.*

*Moore, Weaver and Beaman, by George A. Weaver, for third-party defendant appellant.*

WEBB, Judge.

The partial summary judgment in favor of Export does not dispose of all the issues in the case and is therefore an interlocutory order. The first question we face is whether this appeal should be dismissed as being fragmentary. The appealability of interlocutory decrees has raised troublesome questions in this jurisdiction. The problem has been faced in the following cases. *Whalehead Properties v. Coastland Corp.,* 299 N.C. 270, 261 S.E. 2d 899 (1980); *Industries, Inc. v. Insurance Co.,* 296 N.C. 486, 251 S.E. 2d 443 (1979); *Nasco Equipment Co. v. Mason,* 291 N.C. 145, 229 S.E. 2d 278 (1976); *Newton v. Insurance Co.,* 291 N.C. 105, 229 S.E. 2d 297 (1976); *Oestreicher v. Stores,* 290 N.C. 118, 225 S.E. 2d 797 (1976); *Highway Commission v. Nuckles,* 271 N.C. 1, 155 S.E. 2d 772 (1967); *Nichols v. Credit Union,* 46 N.C. App. 294, 264 S.E. 2d 793 (1980); *Beck v. Assurance Co.,* 36 N.C. App. 218, 243, S.E. 2d 414 (1978). We believe the rule from these cases is that if a trial court enters an order which affects a substantial right and will work injury if not corrected before appeal from a final judgment, it is appealable under G.S. 1-277 and G.S. 7A-27(d). G.S. 1-277(b) also allows an immediate appeal from an adverse ruling as to the jurisdiction of the court over the person or property of the defendant. The cases also hold that G.S. 1A-1, Rule 54(b) provides for an immediate appeal when there are multiple parties or claims and the trial court enters a final judgment as to less than all the parties or claims and determines "there is no just reason for delay."

In this case, we hold the summary judgment will not work injury to appellant if not corrected before appeal from a final judgment. Indeed we cannot say whether or not Cook will be injured until the plaintiff's claim against Export has been determined. The summary judgment is not appealable under G.S.

1-277 or G.S. 7A-27(d). Nor do we believe the summary judgment is appealable under Rule 54(b). The court did make a finding that Cook "shall be entitled to appeal" which might comply with the Rule's requirement that the court determine "there is no just reason for delay." However, the judgment is not final which is also a requirement for appealability under Rule 54(b). The partial summary judgment held that Cook must indemnify Export for the claim of plaintiff in the case sub judice. At this time, Export has not been held liable to plaintiff. Until the amount for which Cook must pay on the indemnity contract has been determined, the partial summary judgment will not be a final judgment which is a requirement for appealability under G.S. 1A-1, Rule 54(b).

When the liability of Cook to Export on the indemnity agreement has been determined, Cook may appeal. His exception to the entry of the partial summary judgment will be preserved.

Appeal dismissed.

Judges MARTIN (Harry C.) and WELLS concur.