RUTH S. BOYCE, Petitioner v. ROBERT S. BOYCE, Respondent

No. 8015SC838

(Filed 7 April 1981)

**Appeal and Error § 6.2– order not final – appeal premature**

In a proceeding for a partition sale of real property owned by the parties as tenants in common where petitioner, as a second claim, prayed that respondent be held to be indebted to her and that she have a lien on the proceeds of the sale on account of a deed of trust which had been placed on the property for the benefit of respondent, the trial court's order dismissing petitioner's second claim for relief was not appealable, since it was not a final judgment, all claims not having been determined, and the superior court did not make a finding that there was no just reason for delay, and since the order did not affect a substantial right which will work injury to petitioner if not corrected before final judgment. G.S. 1A-1, Rule 54(b); G.S. 1-277.

Judge Hill dissenting.

Appeal by petitioner from *Brewer, Judge.* Order entered 20 May 1980 in Superior Court, Orange County. Heard in the Court of Appeals 12 March 1981.

Petitioner commenced this proceeding for a partition sale of real property she and the respondent owned as tenants in common. As a second claim in her petition, she prayed that the respondent be held to be indebted to her and that she have a lien on the proceeds of the sale on account of a deed of trust which had been placed on the property for the benefit of the respondent. The petitioner alleged that she had received none of the proceeds from the loan which the deed of trust secured and that she had not intended to make a gift to the respondent of the loan proceeds. At the time the deed of trust was placed on the property, the parties were married and owned the property as tenants by the entirety.

The court dismissed petitioner's second claim for relief, and the petitioner appealed.

*Hogue and Strickland, by Lucy D. Strickland, for petitioner appellant.*

*Haywood, Denny and Miller, by James H. Johnson, III and Michael W. Patrick, for respondent appellant.*

WEBB, Judge.

Boyce v. Boyce

The threshold question in this case is whether the order dismissing the petitioner's second claim for relief is appealable. It is not a final judgment since all claims have not been determined. It involves multiple claims but the superior court has not made a finding that there is no just reason for delay. For that reason, it is not appealable under G.S. 1A-1, Rule 54(b). A substantial right of the petitioner has been affected, but we do not believe it will work injury to the petitioner if this is not corrected before the final judgment. This keeps the order from being appealable under G.S. 1-277. *See Cook v. Tobacco Co.*, 47 N.C. App. 187, 266 S.E. 2d 754 (1980) and the cases cited therein for a discussion as to when an order affects a substantial right which will work injury to a party if not corrected before final judgment.

We hold that this appeal be dismissed. The petitioner will have her exception preserved to the entry of the order dismissing her second claim for relief and may appeal from the entry of a final judgment.

Appeal dismissed.

Judge HEDRICK concurs.

Judge HILL dissents.

Judge HILL dissenting:

I agree with the majority that "A substantial right of the petitioner has been affected"; but contrary to the majority, I "believe it will work injury to the petitioner if this is not corrected before the final judgment." I would hold that the trial court's order is appealable under G.S. 1-277.

The pleadings reveal that the property is encumbered by two notes secured by deeds of trust. The first deed of trust was executed in 1976 in the original amount of $45,000. The second mortgage is in the sum of $5,731.29 and was executed in 1978. Furthermore, ad valorem taxes become a lien on the premises each January 1. Both the interest and the taxes are joint obligations of each party. Hence, the sooner the property is sold and proceeds delivered to the parties as their interests may appear, the less the loss to each party.

Petitioner-Wife has alleged that the entire loan proceeds have been used by Husband exclusively for his purposes and

that she did not make a gift to Husband of her share of the proceeds. Wife's one-half share of the loan proceeds is her separate property. N.C. Const., Art. X, § 4. Whenever a husband acquires such separate property, he is deemed to hold it in trust for his wife in the absence of any direct evidence that she intended to make a gift of it to him. The acquisition raises the presumption that the husband must account for the money. *Bowling v. Bowling*, 252 N.C. 527, 531, 114 S.E. 2d 228 (1960). Such a presumption, together with Wife's allegation that her share of the loan proceeds were not a gift, leads me to find that Wife's second cause of action states a claim for an account due.

In his response, Husband admits current monthly payments by himself on the notes until the filing of the action. These payments bar Husband's plea of the statutes of limitation set forth in his third answer and defense.

If Wife prevails in her claim against Husband, her judgment will be a secured lien against his undivided interest in the land. *See Wall v. Wall*, 24 N.C. App. 725, 212 S.E. 2d 238, *cert. denied*, 287 N.C. 264 (1975). The loss of such security is a loss of a substantial right to which Wife is entitled.

Both parties seek a partition sale of the property under the same statute. The question of the proposed distribution of the net proceeds of sale is properly before us. An adjudication now will hasten the solution to their problem. A delay in decision by this Court, coupled with a subsequent appeal, can only cost the parties interest, either as an expense or as a loss of income on each individual's share of proceeds from the sale, as well as an increase in taxes due. The loss of further security afforded by the possible judgment is likewise compelling. In my opinion, the judgment should be reversed.