No. 13686

IN THE SUPREME COURT OF THE STATE OF MONTANA

1977

---

HENRY A. LINK et al.,

      Plaintiffs and Respondents,

-vs-

THE STATE OF MONTANA, Acting by and
through the DEPARTMENT OF FISH AND
GAME et al.,

      Defendants and Appellants.

---

Appeal from:  District Court of the First Judicial District,
      Honorable Nat Allen, Judge presiding.

Counsel of Record:

  For Appellants:

    Clayton Herron argued, Helena, Montana

  For Respondents:

    Hutton, Sheehy and Cromley, Billings, Montana
    John C. Sheehy argued, Billings, Montana

---

       Submitted:  May 25, 1977

        Decided:  JUL 22 1977

Filed:  JUL 22 1977

_Thomas J. Kearney_ Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

This is an appeal from an order granting partial summary judgment in an action for specific performance of contract or damages filed in the district court, Lewis and Clark County.

Prior to January 1, 1950 plaintiff had a concession to operate a mountain railroad and tram in Lewis and Clark Caverns State Park. The tram took visitors from a parking lot up a mountainside to the entrance of the Lewis and Clark Caverns. In 1950 the State Park Commission (appellant Fish and Game Commission is the successor agency controlling state parks, formerly under the jurisdiction of the State Park Commission) entered into an agreement with Link Bros., Concessionaires, plaintiff and respondent herein, whereby the State Park Commission took over the operation and maintenance of the railroad and tram. That agreement provided:

> "The Commission hereby agrees to take over the
> operation and maintenance of the said mountain
> railroad, also known and designated as a hoist
> and tramway, at Lewis and Clark Caverns State
> Park, Montana, as of January 1, 1950, and to
> operate and maintain same at its own expense.
> The equity of said Concessionaires in the
> business of said mountain railroad as provided
> in said agreement of June 15, 1946, shall be
> recognized by the payments to the concessionaires
> by the said Commission the following amounts* * *."

The agreement also provided:

> "Said Commission further agrees to operate said
> mountain railroad, tram and hoist, and handle the
> visiting public thereon  in such a way as to
> encourage said public to use the other facilities
> of the Concessionaries at said Lewis and Clark
> Caverns State Park, and to operate said railroad
> in a manner that is beneficial to the business of
> the Concessionaires* * *."

Plaintiff's complaint alleges that the state of Montana, through its Fish and Game Commission, has refused to operate and maintain said railroad, as it agreed to do under the contract, and has disbanded and set aside the equipment and machinery

relating to the railroad. Based upon affidavits and answers to interrogatories, plaintiff concessionaire made a motion for a partial summary judgment to the effect that the state of Montana, through its Fish and Game Commission, had breached, was now in breach, and intended in the future to breach its contractual duty to operate and maintain the mountain railroad and tram.

The district court granted the partial summary judgment on November 4, 1976. The operative language of the court's order for partial summary judgment is:

> "IT IS HEREBY ORDERED that plaintiffs be and are hereby granted partial summary judgment to the effect that the defendants breached, do now breach, and intend in the future to breach their contractual duty to operate and maintain the mountain railroad and tram in Lewis and Clark State Caverns; and the Court hereby reserves the further decision whether the defendants are entitled to any relief by virtue of their amended and supplemental answer and counterclaim, and, if plaintiffs are entitled to relief, whether such relief shall be by specific performance or by compensation in damages."

Respondent Concessionaire moved to deny the Commission's appeal on three grounds:

1. That the order is non-appealable because it is interlocutory in character and not a final judgment.

2. That the appeal is frivolous and taken for the purpose of delay only.

3. That the notice of appeal was not timely.

In view of this Court's holding that the order in this case granting partial summary judgment is not appealable, we will not consider the second and third grounds.

Rule 56, M.R.Civ.P., grants the district court power to enter summary judgment. Subdivisions (c) and (d) thereof provide:

> "(c) Motion and Proceedings Thereon. The motion shall be served at least 10 days before the time fixed for the hearing. The adverse party prior to the day of hearing may serve opposing affidavits. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories,

and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.

"(d) Case Not Fully Adjudicated on Motion. If on motion under this rule judgment is not rendered upon the whole case or for all the relief asked and a trial is necessary, the court at the hearing of the motion, by examining the pleadings and the evidence before it and by interrogating counsel, shall if practicable ascertain what material facts exist without substantial controversy and what material facts are actually and in good faith controverted. It shall thereupon make an order specifying the facts that appear without substantial controversy, including the extent to which the amount of damages or other relief is not in controversy, and directing such further proceedings in the action as are just. Upon the trial of the action the facts so specified shall be deemed established, and the trial shall be conducted accordingly."

Under the provisions of Rule 56, M.R.Civ.P., this Court has held that a summary judgment may be interlocutory in character and that the trial court can reserve for future decision or trial such other matters as are in controversy and that the court may consider such further proceedings as are just.

In Schultz v. Adams, 161 Mont. 463, 466, 507 P.2d 530, this Court noted, citing from Russell v. Barnes Foundation, 136 F.2d 654, decided on the federal rule identical to Montana's Rule 56, M.R.Civ.P.:

"'* * * The motion must be granted since the order appealed from, although it determines the liability of the defendant to the plaintiff, will not become a final adjudication of the controversy between them until the damages to which the plaintiff is entitled have been assessed.'"

See also: Tye v. Hertz Drivurself Stations, 173 F.2d 317.

The specific authority for entering a partial summary judgment on the issue of liability alone, leaving the issue of damages for trial, is contained in Rule 56(c)(d), M.R.Civ.P.,

which designates this type of summary judgment as "interlocutory in character".  The appeal is therefore premature.

For the above reasons the motion to dismiss the appeal is granted.  The appeal is ordered dismissed.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices