TRIDYN INDUSTRIES, INC. v. AMERICAN MUTUAL INSURANCE COMPANY

No. 101

(Filed 5 February 1979)

**Appeal and Error § 6.2 — partial summary judgment determining liability — issue of damages reserved for trial — appeal premature.**

> An order of the trial court allowing plaintiff's motion for partial summary judgment on the issue of liability, reserving for trial the issue of damages, and denying defendant's motion for summary judgment was not appealable.

> Justice BROCK did not participate in the consideration or decision of this case.

ON defendant's petition for further review of an order of the Court of Appeals, filed 13 July 1978, dismissing, without opinion, defendant's appeal to that court from an order of *Wood, J.,* entered on 3 May 1978 in GUILFORD Superior Court.

*Turner, Enochs, Foster & Burnley, P.A., by James R. Turner and E. Thomas Watson, Attorneys for plaintiff appellee.*

*Smith, Moore, Smith, Schell & Hunter by Bynum M. Hunter, Ben F. Tennille, and Michael E. Kelly, Attorneys for defendant appellant.*

EXUM, Justice.

The question presented is whether an order of the trial court allowing plaintiff's motion for partial summary judgment on the issue of liability, reserving for trial the issue of damages, and denying defendant's motion for summary judgment is appealable. We hold that it is not. The Court of Appeals correctly allowed plaintiff's motion to dismiss defendant's appeal. Its order is affirmed.

Plaintiff Tridyn is a North Carolina corporation which manufactures and sells polyvinyl chloride pipes and pipe couplings for use in fresh water supply systems. Defendant is a corporation registered and doing business in North Carolina. On 10 December 1971 it issued to plaintiff a comprehensive general liability insurance policy which was in force at all times material to this dispute. On 17 November 1975 plaintiff filed an amended complaint in which it alleged that defendant was obligated under

this insurance policy to defend plaintiff against and, ultimately, to pay certain claims made against plaintiff by two construction firms, namely, Pierce Ditching Company and Satterfield Construction Company. Defendant answered, admitting the issuance of its insurance policy but denying that this policy afforded coverage to plaintiff for the claims made against it by Pierce and Satterfield.

The insurance policy in question and the claims filed against plaintiff by Pierce and Satterfield were attached to and made a part of Tridyn's complaint. The two claims were similar. They in essence alleged that Tridyn had furnished defective couplings which, in turn, caused water systems which the two companies, respectively, had installed to leak. Both Pierce and Satterfield alleged they sustained substantial damages in replacing the defective couplings and repairing the water systems. Pierce ultimately recovered judgment against Tridyn on its claim in the sum of $30,011.92. Satterfield's claim against Tridyn was settled for $26,446.59.

Both plaintiff and defendant moved for summary judgment. The single dispute on the question of defendant's liability was whether the terms of the insurance policy covered the types of claims made against Tridyn. Plaintiff contended that the policy afforded coverage to it for the claims brought against it by Pierce and Satterfield. Defendant contended that no coverage was provided for these claims. Plaintiff at first sought summary judgment on all issues, presenting to the court the sums which it had expended in paying the Pierce judgment and settling the Satterfield claim. Ultimately, however, plaintiff moved only for partial summary judgment on the issue of liability.

The trial court, having before it the pleadings, the insurance policy, the claims filed against Tridyn by Pierce and Satterfield, and the amounts allegedly spent by Tridyn to satisfy these claims, concluded as a matter of law that the Pierce and Satterfield claims were covered by defendant's policy and that defendant's refusal to defend these claims was a breach of its insurance contract. The trial court further concluded that plaintiff was entitled to recover against defendant the reasonable attorneys' fees it incurred in defense of these claims together with the amounts plaintiff had paid on the claims "which was for damage to the [respective] water system[s], in an amount to be determined." In

the decretal portion of its judgment, the court ordered that plaintiff "is entitled to a declaratory judgment in its favor as a matter of law on the issue of liability." It then allowed plaintiff's motion for partial summary judgment "on the issue of liability;" denied defendant's motion for summary judgment; and ordered that "the amount of damages suffered by plaintiff by reason of reasonable attorneys' fees, costs, expenses, and judgment and settlement amounts incurred and paid by plaintiff as a result of said claims for damages to said water system" be determined. The trial court further recited, "this is a final judgment and there is no just reason for delay."

Defendant appealed this judgment to the Court of Appeals. That court, on plaintiff's motion, dismissed the appeal. We allowed defendant's petition for further review of the Court of Appeals' ruling.

Judicial judgments, orders and decrees are "either interlocutory or the final determination of the rights of the parties." G.S. 1A-1, Rule 54(a). The difference between the two was stated in *Veazey v. Durham*, 231 N.C. 357, 361-62, 57 S.E. 2d 377, 381 (1950): "A final judgment is one which disposes of the cause as to all the parties, leaving nothing to be judicially determined between them in the trial court. . . . An interlocutory order is one made during the pendency of an action, which does not dispose of the case, but leaves it for further action by the trial court in order to settle and determine the entire controversy." Justice Ervin, writing for the Court in *Veazey*, then set out the rules regarding appeals, *id.* at 362, 57 S.E. 2d at 381-82:

"1. An appeal lies . . . from a final judgment . . . .

"2. An appeal does not lie . . . from an interlocutory order . . . unless such order affects some substantial right claimed by the appellant and will work an injury to him if not corrected before an appeal from the final judgment.

"3. A nonappealable interlocutory order . . . which involves the merits and necessarily affects the judgment, is reviewable . . . on appropriate exception upon an appeal from the final judgment in the cause. . . . An earlier appeal from such an interlocutory order is fragmentary and premature, and will be dismissed."

These rules derive in part from G.S. 1-277[1] and are embodied in part in the more recently enacted G.S. 7A-27.[2]

"The reason for these rules is to prevent fragmentary, premature and unnecessary appeals by permitting the trial divisions to have done with a case fully and finally before it is presented to the appellate division. 'Appellate procedure is designed to eliminate the unnecessary delay and expense of repeated fragmentary appeals, and to present the whole case for determination in a single appeal from the final judgment.' *Raleigh v. Edwards*, 234 N.C. 528, 529, 67 S.E. 2d 669, 671 (1951)." *Waters v. Personnel, Inc.*, 294 N.C. 200, 207-08, 240 S.E. 2d 338, 343 (1978). "There is no more effective way to procrastinate the administration of justice than that of bringing cases to an appellate court piecemeal through the medium of successive appeals from intermediate orders." *Veazey v. Durham, supra*, 231 N.C. at 363, 57 S.E. 2d at 382.

In addition to the foregoing, Rule 54(b) of the Rules of Civil Procedure provides:

"(b) Judgment upon multiple claims or involving multiple parties.—When more than one claim for relief is presented in an action, whether as a claim, counterclaim, crossclaim, or third-party claim, or when multiple parties are involved, the court may enter a final judgment as to one or

---

1. "§ 1-277. *Appeal from superior or district court judge.*—(a) An appeal may be taken from every judicial order or determination of a judge of a superior or district court, upon or involving a matter of law or legal inference, whether made in or out of session, which affects a substantial right claimed in any action or proceeding; or which in effect determines the action, and prevents a judgment from which an appeal might be taken; or discontinues the action, or grants or refuses a new trial."

2. "§ 7A-27. *Appeals of right from the courts of the trial division:*

. . . .

(b) From any final judgment of a superior court . . . appeal lies of right to the Court of Appeals.

(c) From any final judgment of a district court in a civil action appeal lies of right directly to the Court of Appeals.

(d) From any interlocutory order or judgment of a superior court or district court in a civil action or proceeding which

(1) Affects a substantial right, or ·

(2) In effect determines the action and prevents a judgment from which appeal might be taken, or

(3) Discontinues the action, or

(4) Grants or refuses a new trial, appeal lies of right directly to the Court of Appeals.

(e) From any other order or judgment of the superior court from which an appeal is authorized by statute, appeal lies of right directly to the Court of Appeals."

more but fewer than all of the claims or parties only if there is no just reason for delay and it is so determined in the judgment. Such judgment shall then be subject to review by appeal or as otherwise provided by these rules or other statutes. In the absence of entry of such a final judgment, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties and shall not then be subject to review either by appeal or otherwise except as expressly provided by these rules or other statutes. Similarly, in the absence of entry of such a final judgment, any order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties."

Rule 54(b) modifies the traditional notion that a case could not be appealed until the trial court had finally and entirely disposed of it all. *Oestreicher v. Stores*, 290 N.C. 118, 225 S.E. 2d 797 (1976). The rule should be seen as a companion to other rules of procedure which permit liberal joinder of claims and parties. See particularly G.S. 1A-1, Rules 13, 14, 17-24. In multiple claim or multiple party cases the trial court may enter a judgment which is final and which fully terminates fewer than all the claims or claims as to fewer than all the parties. Rule 54(b) permits the trial judge by determining in such a judgment that "there is no just reason for delay" to release it for immediate appeal before the litigation is complete as to all claims or all parties. *Bogosian v. Gulf Oil Corp.*, 561 F. 2d 434 (3rd Cir. 1977), *cert. denied*, 434 U.S. 1086 (1978). Whether a case involves multiple parties is not difficult to determine. In a case involving only two parties, however, it is important in applying Rule 54(b) to distinguish the true multiple claim case from the case in which only a single claim based on a single factual occurrence is asserted but in which various kinds of remedies may be sought. *See Liberty Mutual Insurance Co. v. Wetzel*, 424 U.S. 737 (1976); *Bogosian v. Gulf Oil Corp., supra*, 561 F. 2d 434.

The decree of the trial court in this case is properly denominated a partial summary judgment rendered on the issue of liability alone, the court determining that there was a genuine issue as to the amount of damages. Such a judgment is authorized

by Rule 56(c) of the Rules of Civil Procedure which provides, "[a] summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is genuine issue as to the amount of damages." Thus the rule authorizing such a judgment denominates it interlocutory. Since further action is required by the trial court in order to determine both of plaintiff's claims this judgment would be interlocutory as to both under our traditional rules were it not so defined in Rule 56. Defendant does not seriously contend that the judgment is other than interlocutory.

That the trial court declared it to be a final, declaratory judgment does not make it so. This is not an action for a declaratory judgment but a claim by plaintiff for damages. Even if we considered this a multiple claim lawsuit within the meaning of Rule 54(b) inasmuch as plaintiff has asserted two claims against defendant, the judgment in this case is not final as to either claim. Rule 54(b) does not purport to define a final judgment. It simply provides for (1) the entry of such a judgment as to fewer than all of the claims in a multiple claim or multiple party lawsuit and (2) a procedure whereby such final judgments on "one or more but fewer than all of the claims or parties" are immediately appealable. We have held that Rule 54(b) cannot limit an appellant's right to appeal when the decree was appealable under other statutory provisions, namely, G.S. 1-277 and G.S. 7A-27(d). *Newton v. Insurance Co.*, 291 N.C. 105, 229 S.E. 2d 297 (1976); *Nasco Equipment Co. v. Mason*, 291 N.C. 145, 229 S.E. 2d 278 (1976); *Oestreicher v. Stores, supra*, 290 N.C. 118, 225 S.E. 2d 797. Neither can a trial judge by denominating his decree a "final judgment" make it immediately appealable under Rule 54(b) if it is not such a judgment. *Liberty Mutual Insurance Co. v. Wetzel, supra*, 424 U.S. 737.

The decree, furthermore, is not appealable on the theory that it affects a substantial right of defendant and will work injury to it if not corrected before an appeal from the final judgment. If this partial summary judgment is in error defendant can preserve its right to complain of the error on appeal from the final judgment by a duly entered exception. Even if defendant is correct on its legal position, the most it will suffer from being denied an immediate appeal is a trial on the issue of damages. In holding that a denial of defendant's motion for summary judgment is not ap-

pealable by the defendant inasmuch as it is an interlocutory order by which defendant is not deprived of any substantial right, we said in *Waters v. Personnel, Inc., supra*, 294 N.C. at 208, 240 S.E. 2d at 344:

> "Defendant's rights here are fully and adequately protected by an exception to the order which may then be assigned as error on appeal should final judgment in the case ultimately go against it. All defendant suffers by its inability to appeal Judge Long's order is the necessity of rehearing its motion. The avoidance of such a hearing is not a 'substantial right' entitling defendant to an immediate appeal. Neither, for that matter, is the avoidance of trial which defendant might have to undergo should its motion and plaintiff's motion for summary judgment (which is still pending) both be denied."

Finally, defendant has referred us to no case nor has our research revealed one holding that a partial summary judgment entered for plaintiff on the issue of liability only leaving for further determination at trial the issue of damages is immediately appealable by defendant. The cases uniformly hold to the contrary. *Liberty Mutual Insurance Co. v. Wetzel, supra*, 424 U.S. 737; *Leonidakis v. International Telecoin Corp.*, 208 F. 2d 934 (2d Cir. 1953); *Russell v. Barnes Foundation*, 136 F. 2d 654 (3d Cir. 1943); *Link v. State Department of Fish and Game*, 566 P. 2d 806 (Mont. 1977); 6 Moore's Federal Practice, ¶ 56.18 (2d Ed. 1976); Wright and Miller, Federal Practice and Procedure, § 2715 at 422 (1973).

Defendant's reliance on *Newton v. Insurance Co., supra*, 291 N.C. 105, 229 S.E. 2d 297; *Nasco Equipment Co. v. Mason, supra*, 291 N.C. 145, 229 S.E. 2d 278; and *Oestreicher v. Stores, supra*, 290 N.C. 118, 225 S.E. 2d 797, is misplaced. In *Oestreicher* and *Newton* plaintiffs filed, respectively, claims for both compensatory and punitive damages. In *Newton* the trial court dismissed plaintiff's claim as to punitive damages on defendant's Rule 12(b) (6) motion. In *Oestreicher* defendant's motion for summary judgment was allowed as to plaintiff's claim for punitive damages. We held in each case that the ruling was immediately appealable under G.S. 1-277 and G.S. 7A-27(d) as affecting a substantial right of each plaintiff and working injury to the plaintiff if not cor-

rected before an appeal from the final judgment. The substantial right identified was the right of the plaintiff to have the claim for punitive damages determined, if at all, before the same judge and jury which heard the claim for compensatory damages. Not to have permitted an immediate appeal might have resulted in a bifurcated trial in which one proceeding would have been directed toward compensatory and another toward punitive damages. The summary judgment held immediately appealable in *Nasco Equipment Co.* was, in effect, a final judgment ultimately disposing of all claims of any practical significance in the case.

In *Highway Commission v. Nuckles*, 271 N.C. 1, 155 S.E. 2d 772 (1967), also relied on by defendant, this Court held that in a condemnation action an order of the trial court determining which tracts of land were to be condemned was immediately appealable prior to determination of compensation to be awarded for the taking. This, of course, is a classic example of an interlocutory order which affects a substantial right and will work injury to the party aggrieved if not corrected before final judgment. It would be an exercise in futility to attempt to determine damages for the taking of land under the power of eminent domain until the land which is to be taken has first been properly and finally delineated. As the Court in *Nuckles* noted, 271 N.C. at 14, 155 S.E. 2d at 784:

> "One of the purposes of G.S. 136-108 is to eliminate from the jury trial any question as to what land the State Highway Commission is condemning and any question as to its title. Therefore, should there be a fundamental error in the judgment resolving these vital preliminary issues, ordinary prudence requires an immediate appeal, for that is the proper method to obtain relief from legal errors. G.S. 1-277."

Defendant also relies on *Stachon and Associates v. Broadcasting Co.*, 35 N.C. App. 540, 241 S.E. 2d 884 (1978) and *Peaseley v. Virginia Iron, Coal & Coke Co.*, 12 N.C. App. 226, 182 S.E. 2d 810, *cert. denied*, 279 N.C. 512, 183 S.E. 2d 688 (1971). *Stachon* was a suit on a promissory note. Summary judgment for plaintiff was entered not only on the issue of liability but also on the issue of damages. Defendant's appeal from this judgment was not, therefore, an appeal from a partial summary judgment. It is true that in *Peaseley* the Court of Appeals considered an appeal from a par-

tial summary judgment on the question of liability only in which the trial court had reserved determination of the amount of damages. No question, however, was raised by either party concerning the appealability of the partial summary judgment and the Court of Appeals did not discuss it.[3]

We are not inadvertent to defendant's request that we bring up this judgment by writ of certiorari under Rule 21 of the Rules of Appellate Procedure, 287 N.C. 728.[4] Suffice it to say that we decline to issue our writ of certiorari under these circumstances. There seems to be a substantial legal dispute between the parties on the damages issue. If the insurance policy in question provides any coverage at all, and we express no opinion on this point, it may be that some, but not all, of the items of damage are covered. This case should be reviewed, if at all, in its entirety and not piecemeal.

For the reasons given the order of the Court of Appeals dismissing defendant's appeal is

Affirmed.

Justice BROCK did not participate in the consideration or decision of this case.

---

3. The unfortunate result of this procedure was that this litigation took a tortuous route up and down the appellate ladder. After certiorari was denied by this Court the case went back for trial. An appeal from this trial was then heard by the Court of Appeals which affirmed. 15 N.C. App. 709, 190 S.E. 2d 690 (1972). We allowed certiorari and reversed the Court of Appeals' decision on the damages issue and remanded the case for still another trial on this issue. 282 N.C. 585, 194 S.E. 2d 133 (1973). Thus there was one full blown appeal on the issue of liability and still another on the issue of damages. The case illustrates the wisdom of not permitting appeals from a partial summary judgment on the question of liability only.

4. Rule 21(a) provides:

"*General.* The writ of certiorari may be issued in appropriate circumstances by either appellate court to permit review of the judgments and orders of trial tribunals when the right to prosecute an appeal has been lost by failure to take timely action, or when no right to appeal from an interlocutory order exists; or by the Supreme Court in appropriate circumstances to permit review of the judgments and orders of the Court of Appeals when the right to prosecute an appeal of right or to petition for discretionary review has been lost by failure to take timely action."