WHALEHEAD PROPERTIES, A PARTNERSHIP v. COASTLAND CORPORATION, OCEAN SANDS PROPERTY OWNERS ASSOCIATION, INC. AND OCEAN SANDS, INC.

No. 781SC933

(Filed 3 July 1979)

Appeal and Error § 6.2— partial summary judgment—premature appeal
        An appeal from an order granting partial summary judgment on the issue of liability, reserving for trial the issue of damages, is interlocutory and must be dismissed.

APPEAL from *Snepp, Judge.* Judgment entered 15 June 1978 in Superior Court, CURRITUCK County. Heard in the Court of Appeals 14 June 1979.

Plaintiff and defendants are landowners and developers of adjoining tracts of land on the outer banks of Currituck County. Access to plaintiff's property from the north is closed by the United States Government. This suit arises out of contractual agreements wherein plaintiff sought to obtain access to its property from the south, particularly wherein plaintiff acquired the right to use a right-of-way commonly referred to as the "Slick Easement."

The Slick Easement is an unpaved roadway which is not dedicated to the public. It commences at the northern end of N.C. State Road · # 1200 in Currituck County and runs northwardly along the Currituck County Outer Banks toward the Virginia line. The Slick Easement commences at the southern boundary of property now or formerly belonging to Earl F. Slick and others on the Currituck County Outer Banks and runs northwardly across said Slick property to the northern boundary of the Slick property where said Slick Easement intersects a roadway known as "Ocean Trail."

Ocean Trail, a roadway dedicated to the public, traverses northwardly to defendants' property on the Currituck County Outer Banks known as the Ocean Sands Subdivision which lies to the north of the Slick property. Ocean Trail runs northwardly across defendants' property (Ocean Sands) where it enters plaintiff's property known as Whalehead Club or Beach Subdivision which lies to the north of defendants' Ocean Sands property on the Currituck County Outer Banks. Southern access to plaintiff's property depended upon its acquisition of the right to use the Slick Easement in order to reach the dedicated roadway to the north thereof.

Defendant Coastland had obtained access to its property from the south by entering into various agreements with Earl F. Slick and others. Those agreements granted Coastland a nonexclusive right to use the Slick Easement. The agreements further provided that others could be granted the right to use the Slick Easement with the joint consent of Coastland and Slick.

Through a series of three agreements with Coastland and Slick, plaintiff acquired the right to use the right-of-way known as the Slick Easement which, when linked to Ocean Trail, provided plaintiff with access to its property from the south.

Plaintiff alleged three causes of action against defendants. In the first, plaintiff alleged that, although it had complied with its agreements with Coastland, defendants were nevertheless wrongfully threatening to terminate access over the Slick Easement by trucks hauling road base materials and asphalt to plaintiff's property to the north thereof. The first cause of action was settled by consent.

Plaintiff's second cause of action again alleged compliance with its agreements with Coastland as to use of the Slick Easement. It alleged that defendants had wrongfully threatened to terminate plaintiff's right to access over the Slick Easement by writing letters so stating to plaintiff and those who had purchased property from plaintiff. Plaintiff alleged that such action by defendants breached the agreements entered into with defendant Coastland as to access over the Slick Easement and constituted a direct and lasting injury to plaintiff's sales of its property. Plaintiff sought a temporary restraining order, preliminary injunction and permanent injunction restraining defendants from terminating or threatening to terminate access.

Plaintiff's third cause of action sought a Declaratory Judgment establishing the rights of plaintiff and defendants under the agreements entered into by plaintiff and defendant Coastland with respect to the Slick Easement. Specifically, plaintiff sought an adjudication by the court that it was in compliance with said agreements thereby permitting plaintiff to commence sales from its redesigned property. Defendants had rejected said redesign as not being in compliance with the agreements.

Defendants filed Answer and Counterclaim to plaintiff's complaint. Defendants denied the allegations of the complaint and alleged that plaintiff had wrongfully failed to comply with the terms of its contracts and sought specific performance of the agreements. In the alternative, defendants sought damages for plaintiff's breach of the contracts.

Restraining orders were entered restraining defendants from terminating or threatening to terminate the right of plaintiff and others having the right through plaintiff to use the Slick Easement until trial on the merits.

The issue of damages was severed from the action and counteraction until trial on the merits of the other issues.

All parties moved for summary judgment. After considering the pleadings, affidavits and exhibits offered, the testimony of a witness and argument of counsel, Judge Snepp granted plaintiff partial summary judgment on its second cause of action set forth in the complaint to the extent that defendants were permanently enjoined from terminating or threatening to terminate the right

of plaintiff and others having the right through plaintiff to use the Slick Easement.

In all other respects, plaintiff's motion for summary judgment was denied. Defendants' motion for summary judgment on plaintiff's third cause of action was granted and plaintiff was declared to be in violation of certain of the terms and conditions of its agreements with defendant Coastland.

As to defendants' counterclaims, the judge denied plaintiff's motion for summary judgment and granted defendants' motion for summary judgment. Although the court held that plaintiff was in violation of certain of the terms and conditions of its agreements with defendant Coastland, the court denied defendants' prayer for specific performance, thereby limiting defendants to the recovery of damages, if any, on their counterclaims. The issue of damages was ordered to be tried at a later session of court.

Plaintiff appealed from the judgment of Judge Snepp denying its motion for summary judgment in its entirety and granting defendants' motion for summary judgment on plaintiff's third cause of action and defendants' counterclaims. Defendants appealed from that portion of Judge Snepp's judgment limiting them to recovery of damages on their counterclaims.

*White, Hall, Mullen, Brumsey & Small, by M. H. Hood Ellis and Gerald F. White; J. Kenyon Wilson, Jr., attorneys for plaintiff appellant and plaintiff appellee.*

*Leroy, Wells, Shaw, Hornthal, Riley & Shearin, by Dewey W. Wells and Mark M. Maland; Twiford, Trimpi & Thompson, by Russell E. Twiford and Jack H. Derrick, attorneys for defendant appellants and defendant appellees.*

HEDRICK, Judge.

The present case is indistinguishable from *Tridyn Industries, Inc. v. American Mutual Insurance Company*, 296 N.C. 486, 251 S.E. 2d 443 (1979), where our Supreme Court declared that an appeal from an order granting partial summary judgment on the issue of liability, reserving for trial the issue of damages, is interlocutory and must be dismissed. Justice Exum, writing for a unanimous Court, noted that Rule 56(c) of the Rules of Civil Procedure, which authorizes a summary judgment on the issue of

liability alone, specifically provides that such a judgment is "interlocutory in character." "This case should be reviewed, if at all, in its entirety and not piecemeal." *Tridyn Industries, Inc. v. American Mutual Insurance Company, supra,* at 494, 251 S.E. 2d at 449.

Dismissed.

Judges VAUGHN and ARNOLD concur.