P. D. GOFORTH AND NORRIS MAX WILSON, A PARTNERSHIP D/B/A TRI-COUNTY TIRE COMPANY v. THE HARTFORD ACCIDENT & INDEMNITY CO., A MEMBER OF THE HARTFORD INSURANCE GROUP

No. 8224DC436

(Filed 5 April 1983)

**Appeal and Error § 6.2— summary judgment determining liability—issue of damages reserved for trial—appeal premature**

The trial court's order allowing plaintiff's motion for summary judgment on the issue of defendant's liability under an insurance policy and reserving for trial the issue of damages was not immediately appealable.

APPEAL by defendant from *Lyerly, Judge.* Judgment entered 23 December 1981 in District Court, MITCHELL County. Heard in the Court of Appeals 9 March 1983.

Plaintiffs, operating as a partnership, are in the business of selling and installing tires. They sue on a liability insurance policy issued by defendant.

Plaintiffs damaged one of their customer's trucks while installing tires on the truck. They seek to recover damages they allegedly suffered as a result of the claim against them by the customer. They allege defendant refused to honor the claim after demand. Although the amount of the claim was not alleged, they prayed for judgment in the amount of $5,000.00. They also set out a second cause of action in which they requested a judgment declaring defendant liable under the policy of insurance upon which they sued in the first cause of action.

The court entered summary judgment for plaintiffs on the issue of liability under the policy in the first cause of action and also entered judgment declaring defendant liable under the policy in the second cause of action. The court ordered trial by jury on the issue of damages.

*Dennis L. Howell, for plaintiff appellees.*

*James F. Blue III, by James F. Blue III, and Sheila Fellerath, for defendant appellant.*

VAUGHN, Chief Judge.

Summary judgment on the issue of liability, reserving for trial the issue of damages, is not immediately appealable. *Tridyn Industries v. American Mutual Insurance Co.*, 296 N.C. 486, 251 S.E. 2d 443 (1979).

In *Tridyn*, the Court quoted with approval from *Veazey v. City of Durham*, 231 N.C. 357, 361-62, 57 S.E. 2d 377, 381 (1950):

"A final judgment is one which disposes of the cause as to all the parties, leaving nothing to be judicially determined between them in the trial court. . . . An interlocutory order is one made during the pendency of an action, which does not dispose of the case, but leaves it for further action by the trial court in order to settle and determine the entire controversy."

*Tridyn Industries v. American Mutual Insurance Co.*, 296 N.C. at 488, 251 S.E. 2d at 445.

"These rules are designed to prevent fragmentary and premature appeals that unnecessarily delay the administration of justice and to ensure that the trial divisions fully and finally dispose of the case before an appeal can be heard." *Bailey v. Gooding*, 301 N.C. 205, 209, 270 S.E. 2d 431, 434 (1980). "There is no more effective way to procrastinate the administration of justice than that of bringing cases to an appellate court piecemeal through the medium of successive appeals from intermediate orders." *Veazey v. City of Durham*, 231 N.C. at 363, 57 S.E. 2d at 382.

Plaintiffs' election to label a second cause of action as one for a declaratory judgment does not alter the result we are compelled to reach. Defendant's liability on the policy was the same issue the court had to resolve in the first cause of action.

For the reasons stated, we are required to dismiss the appeal.

Appeal dismissed.

Judges WEBB and EAGLES concur.