TRAVIS T. BUMPERS AND TROY ELLIOTT, ON BEHALF OF THEMSELVES AND ALL OTHERS SIMILARLY SITUATED v. COMMUNITY BANK OF NORTHERN VIRGINIA

No. 269PA09

(Filed 17 June 2010)

**Appeal and Error— appealability—unfair and deceptive trade practices—final judgment on substantive issues—attorney fees remaining—certification**

A judgment ruling on all substantive issues of a claim under N.C.G.S. § 75-1.1 is final and appealable regardless of any unresolved request for attorney fees under N.C.G.S. § 75-16.1. In appropriate cases, as here, such a final judgment may be certified for immediate appeal under Rule 54(b).

On discretionary review pursuant to N.C.G.S. § 7A-31 of a unanimous decision of the Court of Appeals, 196 N.C. App. ___, 675 S.E.2d 697 (2009), dismissing an appeal from orders granting partial summary judgment for plaintiffs and awarding damages entered on 28 April 2008 and 15 May 2008, by Judge John B. Lewis, Jr. in Superior Court, Wake County. Heard in the Supreme Court 15 February 2010.

*Hartzell & Whiteman, L.L.P., by J. Jerome Hartzell, and Financial Protection Law Center, by Mallam J. Maynard, for plaintiff-appellant/appellee Travis T. Bumpers.*

*Ellis & Winters LLP, by Matthew W. Sawchak and Stephen C. Keadey, for defendant-appellee/appellant.*

*Robinson, Bradshaw & Hinson, P.A., by John R. Wester and Adam K. Doerr, for NC Chamber, amicus curiae.*

*North Carolina Justice Center, by Carlene McNulty, and Center for Responsible Lending, by Daniel Mosteller, amici curiae.*

TIMMONS-GOODSON, Justice.

The issue presented in this case is whether a judgment ruling on all substantive issues of a claim under section 75-1.1 is final and certifiable for appeal notwithstanding an unresolved claim for attorney fees under section 75-16.1. We hold that such a judgment is immediately appealable. Accordingly, we reverse and remand to the Court of Appeals for consideration of the merits of the issues raised on appeal.

## I. Background

In 1999, plaintiff Travis T. Bumpers responded to a mailed advertisement for second mortgage loans from defendant Community Bank of Northern Virginia ("Community Bank").[1] After faxing documents and corresponding with Community Bank by phone, plaintiff was approved for a $28,450 loan and directed to a women's lingerie store for "closing" on the loan. A notary public working at the lingerie store gave plaintiff various closing documents to sign.

The closing documents listed an array of fees charged in connection with the loan, totaling more than $4,800. About $3,500 of the total fees were "Settlement Charges" by Community Bank, including a $2,062.63 "loan origination fee" and a $1,280.25 loan discount fee. Title America, LLC was listed as the "settlement agent." Fees charged by Title America included a $225.00 "settlement or closing fee," a $260.00 "processing fee," a $275.00 "document review" fee, and other title search and examination fees. Plaintiff executed the closing documents and later received the loan proceeds in the mail.

In 2001 plaintiff filed a lawsuit alleging, in relevant part, that Community Bank and Title America were liable under N.C.G.S. § 75-1.1 for charging duplicative closing fees for overlapping services, for charging a "loan discount fee" for a loan that was in fact not discounted, and for charging unreasonable, unnecessary, unfair, and deceptive fees in connection with the loan. Plaintiff's complaint also contained a claim for attorney fees and asserted usury claims under Chapter 24 of the General Statutes.

The case was removed to federal court shortly after the complaint was filed, and remanded to Superior Court, Wake County, in late 2002. The case was designated exceptional under Rule 2.1 of the General Rules of Practice for the Superior and District Courts in January 2003. On 1 May 2003, the superior court entered an order dismissing all of plaintiff's claims except those arising under Chapter 75 of the General Statutes.

Defendants removed the case to federal court again following the United States Supreme Court's decision in *Beneficial National Bank v. Anderson*, 539 U.S. 1, 156 L. Ed. 2d 1 (2003). Thereafter, the matter was transferred to the United States District Court for the Western District of Pennsylvania and consolidated with a national class action

---

1. The other named plaintiff, Troy Elliott, is not a party to this appeal. All references in this opinion to "plaintiff" refer only to Travis T. Bumpers.

**BUMPERS v. CMTY. BANK OF N. VA**

[364 N.C. 195 (2010)]

involving similar claims against Community Bank and other defendants. Ultimately, in January 2008, the federal district court approved a proposed settlement for the national class action, but the court concluded that it lacked subject matter jurisdiction over plaintiff's remaining claims under Chapter 75 of our General Statutes. The federal district court characterized plaintiff's Chapter 75 claims as "sound[ing] purely in North Carolina statutory and common law." Thus, the federal district court again remanded the case to Superior Court, Wake County.

The superior court granted partial summary judgment for plaintiff in an order entered on 28 April 2008. Community Bank was found liable on two of plaintiff's section 75-1.1 claims. First, the superior court concluded that Community Bank charged a "loan discount fee" for providing a loan that was not discounted, which amounted to an unfair or deceptive trade practice under N.C.G.S. § 75-1.1. Second, the superior court found that Title America's "settlement charges" were redundant fees covering the same services and duplicative of the "origination fees" charged by Community Bank. The superior court labeled these practices as "systematic overcharging" also in violation of section 75-1.1. Furthermore, the superior court ruled that Title America acted as Community Bank's agent; thus, Community Bank was held liable for Title America's redundant and duplicative fees. The 28 April order deferred ruling on damages until a later hearing.

The superior court entered an order awarding damages to plaintiff on 15 May 2008. The court ruled that plaintiff's actual damages resulting from the loan discount fee were $1,864.78, which were trebled under section 75-16 to $5,594.34, plus prejudgment interest. Plaintiff's actual damages from the settlement charges by Title America were $1,136.13, which the court trebled to $3,408.38, plus prejudgment interest. The superior court specifically noted that it had "not considered an application for attorney fees under G.S. 75-16.1, but nonetheless determine[d] that there is no just cause for delay and that the judgment resulting from this order should be entered as a final judgment." The order concluded that the court would consider "separately whether attorney fees should be awarded" and if so, "the amount of any such fees."

Community Bank gave notice of appeal from the 15 May 2008 order and prior rulings. The Court of Appeals dismissed Community Bank's appeal, ruling that the 15 May 2008 order was interlocutory and not appealable because it expressly left the issue of attorney fees

to be decided in the future. *Bumpers v. Cmty. Bank of N. Va.*, ___ N.C. App. ___, ___, 675 S.E.2d 697, 700 (2009). Thus, the Court of Appeals held that the superior court improperly certified its 15 May 2008 order as final under Rule of Civil Procedure 54(b) before deciding the issue of attorney fees. *Id.* at ___, 675 S.E.2d at 700. Plaintiff petitioned this Court for discretionary review following the dismissal by the Court of Appeals. This Court allowed plaintiff's petition for discretionary review, in part, to address whether an unresolved request for attorney fees under section 75-16.1 prevents an order ruling on all substantive issues of a claim under section 75-1.1 from being final and appealable.

## II. Discussion

In their briefs to this Court, both parties request clarification concerning when a judgment may be considered final and properly certified for appeal under Rule 54(b).[2] Realizing that the time for taking appeal has jurisdictional consequences that may result in inadvertent waiver of appellate rights, we attempt to provide the requested guidance.

The general rule has long been that appeal is allowed from a final judgment of the trial court. *See* N.C.G.S. § 1-277(a) (2009); *id.* § 7A-27(b), (c) (2009); *Tridyn Indus., Inc. v. Am. Mut. Ins. Co.*, 296 N.C. 486, 488-89, 251 S.E.2d 443, 445-46 (1979) (citing *Veazey v. City of Durham*, 231 N.C. 357, 361-62, 57 S.E.2d 377, 381 (1950)). " 'A final judgment is one which disposes of the cause as to all the parties, leaving nothing to be judicially determined between them in the trial court.' " *Tridyn Indus.*, 296 N.C. at 488, 251 S.E.2d at 445 (quoting *Veazey*, 231 N.C. at 361-62, 57 S.E.2d at 381). In appropriate cases, however, Rule 54(b) permits trial courts to certify for immediate appeal orders that are final as to a specific portion of the case, but which do not dispose of all claims as to all parties. Rule 54(b) states:

> When more than one claim for relief is presented in an action, whether as a claim, counterclaim, crossclaim, or third-party claim, or when multiple parties are involved, the court may enter a final judgment as to one or more but fewer than all of the claims or parties only if there is no just reason for delay and it is so determined in the judgment. Such judgment shall then be subject to review by appeal or as otherwise provided by these rules or

2. Because the trial court certified the 15 May 2008 order for immediate review, we decide the issue in the procedural posture in which it is presented without passing on whether certification was necessary.

other statutes. In the absence of entry of such a final judgment, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties and shall not then be subject to review either by appeal or otherwise except as expressly provided by these rules or other statutes. Similarly, in the absence of entry of such a final judgment, any order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

N.C.G.S. § 1A-1, Rule 54(b) (2009).

In cases involving multiple claims or multiple parties, "Rule 54(b) modifies the traditional notion that a case could not be appealed until the trial court had finally and entirely disposed of it all." *Tridyn Industs.*, 296 N.C. at 490, 251 S.E.2d at 446 (citing *Oestreicher v. Am. Nat'l Stores, Inc.*, 290 N.C. 118, 225 S.E.2d 797 (1976)). Thus, when the trial court enters a "judgment which is final and which fully terminates fewer than all the claims or [fully terminates all] claims as to fewer than all the parties," Rule 54(b) permits the trial court to make that judgment immediately appealable by indicating that " 'there is no just reason for delay.' " *Id.* at 490, 251 S.E.2d at 446-47 (citation omitted); *see also Oestreicher*, 290 N.C. at 124, 225 S.E.2d at 802 ("Our Court has consistently interpreted G.S. 1-277 so as to give any party to a lawsuit a right to an immediate appeal from every judicial determination . . . which constitutes a final adjudication, even when that determination disposes of only a part of the lawsuit." (emphasis omitted)).

On the other hand, trial courts may certify only those judgments that are final within the meaning of Rule 54(b). A trial court may not "by denominating [its] decree a 'final judgment' make it immediately appealable under Rule 54(b) if it is not such a judgment." *Tridyn Indus.*, 296 N.C. at 491, 251 S.E.2d at 447 (citing *Liberty Mut. Ins. Co. v. Wetzel*, 424 U.S. 737, 47 L. Ed. 2d 435 (1976)). Accordingly, appellate courts may review whether the judgment certified for appeal under Rule 54(b) is indeed a final, appealable judgment. *Id.* at 491-92, 251 S.E.2d at 447.

The Court of Appeals relied on this premise from *Tridyn Industries* to hold that the trial court here improperly certified the case for appeal before ruling on the unresolved request for attorney

fees. *Bumpers*, ___ N.C. App. at ___, 675 S.E.2d at 700 (quoting *Tridyn Indus.*, 296 N.C. at 492, 251 S.E.2d at 448). We note, however, that *Tridyn Industries* involved an order of partial summary judgment to the plaintiff on the issue of liability under an insurance contract, leaving for future determination the issues of damages and attorney fees, among others. *See* 296 N.C. at 487-88, 251 S.E.2d at 445. In this case, by contrast, the trial court's 15 May 2008 order ruled on all substantive issues of plaintiff's claims under N.C.G.S. § 75-1.1, including damages, leaving only the issue of attorney fees for future determination. Thus, *Tridyn Industries* is distinguishable. Instead, the dispositive question here is whether an unresolved request for attorney fees under N.C.G.S. § 75-16.1 prevents a judgment ruling on all substantive issues of a claim under section 75-1.1 from being final and properly certified for appeal under Rule 54(b).

Among other jurisdictions, two prominent ideological approaches have emerged to address the issue presented in this case. In the federal system, the United States Supreme Court adopted a bright-line, "uniform rule that an unresolved issue of attorney's fees for the litigation in question does not prevent judgment on the merits from being final." *Budinich v. Becton Dickinson & Co.*, 486 U.S. 196, 202, 100 L. Ed. 2d 178, 185 (1988). The Supreme Court deemed "it indisputable that a claim for attorney's fees is not part of the merits of the action to which the fees pertain." *Id.* at 200, 100 L. Ed. 2d at 184. Thus, courts and litigants were thought to be best served by a "bright-line rule . . . that a decision on the merits is a 'final decision' for purposes of [28 U.S.C.] § 1291 whether or not there remains for adjudication a request for attorney's fees attributable to the case." *Id.* at 202-03, 100 L. Ed. 2d at 185.

Other jurisdictions have followed suit, opting for a bright-line rule that an unresolved request for attorney fees does not prevent finality of a judgment disposing of all issues in the underlying substantive claim. *See, e.g., State Bd. of Educ. v. Waldrop*, 840 So. 2d 893, 899 (Ala. 2002); *Harold Ives Trucking, Co. v. Pro Transp., Inc.*, 341 Ark. 735, 737, 19 S.W.3d 600, 602 (2000) (per curiam); *Paranteau v. DeVita*, 208 Conn. 515, 521-23, 544 A.2d 634, 637-39 (1988), *abrogated on other grounds as stated in Benvenuto v. Mahajan*, 245 Conn. 495, 504 n.4, 715 A.2d 743, 747 n.4 (1998); *McGurn v. Scott*, 596 So. 2d 1042, 1043-44 (Fla. 1992); *Snodgrass v. State Farm Mut. Auto. Ins. Co.*, 246 Kan. 371, 373-74, 789 P.2d 211, 213-15 (1990); *Blake v. Blake*, 341 Md. 326, 337-38, 670 A.2d 472, 477-78 (1996); *Midcom, Inc. v. Oehlerking*, 2006 SD 87, ¶¶ 19-20, 722 N.W.2d 722, 727-28; *Wlasiuk v.*

*Whirlpool Corp.*, 76 Wash. App. 250, 253-55, 884 P.2d 13, 15-18 (1994). Some states follow the converse rule that a judgment on the merits is not final when an unresolved request for attorney fees remains. *See, e.g., Billingsley v. BFM Liquor Mgmt., Inc.*, 259 Neb. 992, 997-99, 613 N.W.2d 478, 483-84 (2000) (dismissing appeal for lack of final judgment where the trial court had not ruled on a request for, *inter alia*, attorney fees); *Ft. Frye Teachers Ass'n v. Ft. Frye Local Sch. Dist. Bd. of Educ.*, 87 Ohio App. 3d 840, 843, 623 N.E.2d 232, 234-35 (1993) (holding that the trial court's failure to determine the amount of attorney fees to be awarded "left a portion of the case undecided," making the judgment "neither final nor appealable"); *Sittner v. Schriever*, 2000 UT 45, ¶ 19, 2 P.3d 442 (stating that " 'a trial court must determine the amount of attorney fees awardable . . . before the judgment becomes final for the purposes of an appeal' " (citation omitted)).

The second ideological approach is a case-by-case determination of whether the requested attorney fees are more appropriately characterized as an element of the substantive claim or merely an item of costs that is contingent upon the resolution of the substantive claim. *See, e.g., Ferrell v. Glenwood Brokers, Ltd.*, 848 P.2d 936, 941-42 (Colo. 1993) (en banc) (recognizing a dichotomy in the classification of attorney fees as either costs or an element of damages and leaving it to the trial courts' discretion to make the appropriate characterization) (citing, *inter alia*, 1 Mary Francis Derfner & Arthur D. Wolf, *Court Awarded Attorney Fees* ¶ 1.02, at 1-9 (1992))); *Leske v. Leske*, 185 Wis. 2d 628, 633, 517 N.W.2d 538, 540 (Ct. App. 1994) (per curiam) (concluding that the nature of unresolved attorney fee claims is dispositive and a claim asserted under a fee-shifting statute does not render a judgment disposing of all substantive claims nonfinal). If the claim for attorney fees is deemed an item of damages or an element of the substantive claim, the judgment on the merits is not final and appealable until the attorney fee request is resolved. *See, e.g., In re Marriage of Hill*, 166 P.3d 269, 271-72 (Colo. Ct. App. 2007) (concluding that final orders in a divorce proceeding that resolved property division and awarded spousal and child support but failed to resolve a statutory attorney fee claim were not appealable because the fee claim was "inextricably intertwined" with other issues in the case). If, on the other hand, the claim for attorney fees is asserted as an item of costs or pursuant to a fee-shifting provision that is contingent upon prevailing on the merits, a final judgment on the substantive claim is independently appealable notwithstanding the unresolved fee claim. *See Ferrell*, 848 P.2d at 941-42. *See generally*

Richard S. Crummins, *Judgment on the Merits Leaving Attorney's Fees Issues Undecided: A* Final *Judgment?*, 56 Fordham L. Rev. 487, 493-500 (1987) (discussing the distinction between the bright-line rule and case-by-case determination approach). Some courts deem the case-by-case approach most workable because characterization of the requested attorney fees as either an element of damages or an item of costs is left to the trial judge's discretion. *E.g., Ferrell*, 848 P.2d at 941-42. We note that our Court of Appeals has engaged in a de facto case-by-case approach, sometimes dismissing appeals having unresolved fee issues and sometimes hearing such appeals. *Compare Webb v. Webb*, ___ N.C. App. ___, ___, 677 S.E.2d 462, 465 (2009) (dismissing appeal of interlocutory order awarding permanent alimony when a motion for attorney fees was pending before the trial court), *and Watts v. Slough*, 163 N.C. App. 69, 72-73, 592 S.E.2d 274, 276-77 (2004) (dismissing appeal from a grant of partial summary judgment because the trial court reserved ruling on the amount of costs and attorney fees for a later hearing), *with In re Will of Harts*, 191 N.C. App. 807, 808-10, 664 S.E.2d 411, 413-14 (2008) (holding that caveator's notice of appeal filed on 10 August 2007 was untimely as to a final judgment on merits entered on 21 May 2007, but timely as to an order awarding attorney fees entered on 24 July 2007); *Beau Rivage Plantation, Inc. v. Melex USA, Inc.*, 112 N.C. App. 446, 452-53, 436 S.E.2d 152, 155 (1993) (treating plaintiff's notice of appeal, timely filed after order granting summary judgment to defendant but before order awarding the specific amount of attorney fees to defendant, as sufficient to preserve appeal of both orders).

Plaintiff advocates a third approach espoused by the Supreme Court of New Mexico. In *Trujillo v. Hilton of Santa Fe*, the Court of Appeals of New Mexico dismissed as untimely an appeal taken beyond the prescribed time from an order ruling on all substantive issues of an underlying workers' compensation claim, but within the prescribed time from an order awarding attorney fees. 115 N.M. 398, 400, 851 P.2d 1065, 1067 (Ct. App.), *rev'd*, 115 N.M. 397, 851 P.2d 1064 (1993). In reversing the intermediate appellate court's dismissal of the appeal, the Supreme Court of New Mexico described the facts of the case as coming within a "twilight zone of finality" and retreated from its earlier adoption of the bright-line rule in *Budinich. Trujillo*, 115 N.M. at 398, 851 P.2d at 1065. Instead, the New Mexico Court

recognize[d] that in the twilight zone a party should be allowed to choose the appropriate time for appeal, guided by considerations

in the trial court that impact on meaningful and efficient appellate review. In the twilight of marginal cases, the zone of appeal should be one of practical choice and not one of procedural danger against which a bright-line rule would appear not to serve as a shield.

*Id.*; *see also Executive Sports Club, Inc. v. First Plaza Tr.*, 1998-NMSC-008, ¶¶ 12-13, 125 N.M. 78, 957 P.2d 63 (reaffirming the holding in *Trujillo*). Plaintiff asserts that the New Mexico approach "would give the greatest clarity and the lowest risk of surprise, and would substantially promote judicial efficiency."

We disagree with plaintiff regarding the benefits of the New Mexico approach and believe that a bright-line rule is the best means to promote judicial efficiency, foster meaningful appellate review, and avoid waiver of appellate rights. "The time of appealability, having jurisdictional consequences, should above all be clear." *Budinich*, 486 U.S. at 202, 100 L. Ed. 2d at 185. Accordingly, we briefly examine N.C.G.S. § 75-16.1 to determine how it interrelates with a judgment on the merits of a claim under N.C.G.S. § 75-1.1 for purposes of appeal.

Section 75-16.1 is a fee-shifting statute that provides:

In any suit instituted by a person who alleges that the defendant violated G.S. 75-1.1, the presiding judge may, in his discretion, allow a reasonable attorney fee to the duly licensed attorney representing the prevailing party, such attorney fee to be taxed as a part of the court costs and payable by the losing party, upon a finding by the presiding judge that:

(1) The party charged with the violation has willfully engaged in the act or practice, and there was an unwarranted refusal by such party to fully resolve the matter which constitutes the basis of such suit; or

(2) The party instituting the action knew, or should have known, the action was frivolous and malicious.

N.C.G.S. § 75-16.1 (2009). Thus, a party must show that it has prevailed on the substantive claim under section 75-1.1, and that one of the two factors enumerated above exists, before the trial court may award attorney fees to that party under section 75-16.1. *See United Roasters, Inc. v. Colgate-Palmolive Co.*, 485 F. Supp. 1049, 1061 (E.D.N.C. 1980), *aff'd*, 649 F.2d 985 (4th Cir.), *cert. denied*, 454 U.S.

1054, 70 L. Ed. 2d 590 (1981); *Evans v. Full Circle Prods., Inc.*, 114 N.C. App. 777, 780-81, 443 S.E.2d 108, 110 (1994) (citing *Mayton v. Hiatt's Used Cars, Inc.*, 45 N.C. App. 206, 212, 262 S.E.2d 860, 864, *disc. review denied*, 300 N.C. 198, 269 S.E.2d 624 (1980)). It follows, therefore, that a claim for attorney fees under section 75-16.1 is not a substantive issue, or in any way part of the merits of a claim under section 75-1.1.

Based on the foregoing analysis, we adopt the bright-line rule that an unresolved claim for attorney fees under section 75-16.1 does not preclude finality of a judgment resolving all substantive issues of a claim under section 75-1.1. Moreover, a final judgment under section 75-1.1 may be certified and appealed pursuant to Rule 54(b) in appropriate cases involving multiple claims or multiple parties. Thus, we hold that an order or judgment ruling on all substantive issues of a claim under section 75-1.1 is a final judgment that may be certified and appealed pursuant to Rule 54(b), notwithstanding any unresolved issue of attorney fees under section 75-16.1. The time for taking an appeal on the merits runs from entry of the final judgment on the claim under section 75-1.1, not entry of judgment on a claim for attorney fees under section 75-16.1.

In the instant case, there is no dispute that the superior court's 15 May 2008 order resolved all substantive issues of plaintiff's claims under section 75-1.1. Consequently, this order constituted a final judgment even though the superior court expressly reserved ruling on plaintiff's request for attorney fees. The superior court properly certified its 15 May 2008 order for immediate appeal under Rule 54(b) because that order was final as to plaintiff's claims under section 75-1.1.

### III. Conclusion

A judgment ruling on all substantive issues of a claim under N.C.G.S. § 75-1.1 is final and appealable regardless of any unresolved request for attorney fees under N.C.G.S. § 75-16.1. In appropriate cases, such a final judgment may be certified for immediate appeal under Rule 54(b). Because the superior court's 15 May 2008 order ruled on all substantive issues of plaintiff's claims under N.C.G.S. § 75-1.1, the superior court properly certified that order for immediate appeal under Rule 54(b). Therefore, we reverse the dismissal by the Court of Appeals and remand this case to that court for consideration of the merits of the issues raised on appeal. Accordingly, we further conclude that discretionary review was improvidently

allowed as to whether the trial court properly granted summary judgment for plaintiff.

## REVERSED AND REMANDED IN PART; DISCRETIONARY REVIEW IMPROVIDENTLY ALLOWED IN PART.